JUDGE HOWELL

A CERTIFIED TRUE COPY
ATTEST
By Tanisha Spinner on Jun 16, 2008
FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

08 CV 5443

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 16, 2008

FILED
CLERK'S OFFICE

IN RE: STATE STREET BANK AND TRUST CO.
FIXED INCOME FUNDS INVESTMENT
LITIGATION

MDL No. 1945

### TRANSFER ORDER

**Before the entire Panel**: Common defendants State Street Bank and Trust Co. and State Street Global Advisors, Inc. (collectively State Street) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Massachusetts. Plaintiffs in the Southern District of New York actions do not oppose centralization, but suggest the Southern District of New York as transferee district. Plaintiff in the Southern District of Texas *Houston Police* action does not oppose centralization, but suggests the Southern District of Texas as transferee district or, alternatively, the Southern District of New York. Plaintiffs in the Southern District of Texas *Memorial Hermann* action oppose centralization or, alternatively, suggest centralization in the Southern District of Texas.

This litigation currently consists of six actions listed on Schedule A and pending in two districts, four actions in the Southern District of New York, and two actions in the Southern District of Texas.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of the allegations that State Street inappropriately invested its actively managed fixed income funds in risky subprime assets, resulting in losses to investors. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, the *Memorial Hermann* plaintiffs argue, *inter alia*, that unlike the Southern District of New York actions, which are purported class actions brought under the Employee Retirement Income Security Act (ERISA), the Southern District of Texas actions are individual actions brought under common law. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. These actions revolve around the

---

[1] The Panel has been notified that an additional related action has been filed in the Southern District of Indiana. This action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

same core of factual issues relating to State Street's representations regarding its investment strategy for its bond funds and their investment in high-risk subprime asset-backed securities and related financial instruments. Discovery and other pretrial proceedings will undoubtedly overlap, as each action is at least indirectly tied to the same bond fund, and the same group of State Street employees managed all of the bond funds at issue. Section 1407 centralization will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. Four of the six constituent actions are pending there, and progress has been made in those actions, already consolidated before Judge Richard J. Holwell.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Richard J. Holwell for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen         J. Frederick Motz
Robert L. Miller, Jr.    Kathryn H. Vratil
David R. Hansen          Anthony J. Scirica

IN RE: STATE STREET BANK AND TRUST CO.
FIXED INCOME FUNDS INVESTMENT
LITIGATION                                                          MDL No. 1945

### SCHEDULE A

Southern District of New York

In re State Street Bank & Trust Co. ERISA Litigation, C.A. No. 1:07-8488
Unisystems, Inc. Employees Profit Sharing Plan, et al. v. State Street Bank & Trust Co., et al., C.A. No. 1:07-9319
The Andover Companies Employees Savings & Profit Sharing Plan, et al. v. State Street Bank & Trust Co., et al., C.A. No. 1:07-9687
Nashua Corp. Pension Plan Committee, et al. v. State Street Bank & Trust Co., et al., C.A. No. 1:08-265

Southern District of Texas

Memorial Hermann Health Care System, et al. v. State Street Bank & Trust Co., et al., C.A. No. 4:07-4089
Houston Police Officers Pension System v. State Street Bank & Trust Co., et al., C.A. No. 4:08-333