**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

CIVIL ACTION NUMBER <u>4:08cv333</u>
<u>Houston Police Officers Pension System v. State Street Bank & Trust Company</u>

**<u>ORDER FOR CONFERENCE & DISCLOSURE OF INTERESTED PERSONS</u>**

1.      Counsel and pro se litigants shall appear at an initial pretrial and scheduling conference before

Honorable Samuel B. Kent

**<u>MAY 8, 2008 at 10:00 a.m.</u>**
Courtroom 8-B on the 8th Floor
United States Courthouse
515 Rusk Street
Houston, Texas  77002

2.      Counsel shall file within fifteen (15) days from receipt of this Order a certificate with the Clerk listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other legal entities that are financially interested in the outcome of this litigation. <u>If a large group can be specified by a general description, individual listing is not necessary.</u> <u>Underline the name of each corporation whose securities are publicly traded.</u>  If new parties are added or if additional persons or legal entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the Clerk.

3.      Fed. R. Civ. P. Rule 4(m) requires defendant(s) to be served witin 120 days after the filing of the complaint.  The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result I dismissal of this action by the Court on its own initiative.

4.      After the parties meet as required by Fed. R. Civ. P. Rule 26(f), counsel shall prepare and file not less than three (3) days before the conference a joint discovery/case management plan containing the information required on the attached form available on the Southern District of Texas website at <u>http://www.txs.uscourts.gov.</u>

5.      The Court will enter a scheduling order and may rule on any pending motions at the conference.

6.      Counsel who file or remove an action must ***serve a copy of this order*** with the summons and complaint or with the notice of removal.

7.      Attendance by an Attorney who has the authority to bind the party is required at the conference.

8.      Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the Court of the results of their discussions.

9.      A person litigating <u>pro se</u> is bound by the requirements upon counsel in this order.

10.     Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs

By Order of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

|  | § |  |
| --- | --- | --- |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| Defendant, | § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information**.**

1.     State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

2.     List the cases related to this one that are pending in any state or federal court with the case number and court.

3.     <u>Briefly</u> describe what the case is about.

4.     Specify the allegation of federal jurisdiction.

5.     Name the parties who disagree and the reasons.

6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7.     List anticipated interventions.

8.     Describe class-action issues.

9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

10.     Describe the proposed agreed discovery plan, including:

A.  Responses to all the matters raised in Rule 26(f).
B.  When and to whom the plaintiff anticipates it may send interrogatories.
C.  When and to whom the defendant anticipates it may send interrogatories.
D.  Of whom and by when the plaintiff anticipates taking oral depositions.
E.  Of whom and by when the defendant anticipates taking oral depositions.

    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

    H. List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

13.    State the date the planned discovery can be reasonably completed.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

17.    Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

18.    State whether a jury demand has been made and if was made on time.

19.    Specify the number of hours it will take to present the evidence in this case.

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

21.    List other motions pending.

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

24.    List the names, bar numbers, addresses and telephone numbers of all counsel.

_____        _____
Counsel for Plaintiff(s)                             Date

_____        _____
Counsel for Defendant(s)                           Date

UNITED STATES DISTRICT COURT                     SOUTHERN DISTRICT OF TEXAS

# Notice of the Right to Try
# a Civil Case Before a Magistrate Judge

With the consent of all the parties, a United States Magistrate Judge may preside in a civil case, including jury trial and final judgment.

The choice of trial before a Magistrate Judge is entirely yours.  Tell only the Clerk.  Neither the Judge or Magistrate Judge will be told until all the parties agree.

The District Judge to whom your case is assigned must approve the referral to a Magistrate Judge.

You may get consent forms from the Clerk.

Michael N. Milby, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| *Plaintiff/Petitioner*, | § § § | |
| *vs.* | § | Civil Action |
| | § § | |
| *Defendant/Respondent(s).* | § | |

## <u>Consent to Proceed Before a Magistrate Judge</u>

All the parties to this case waive their right to proceed before a district judge and consent to have a United States Magistrate Judge conduct all further proceedings, including the trial and judgment 28 U.S.C. Sec. 636(c),   Appeal directly to the Fifth Circuit.

_____          _____


_____          _____


<u>ORDER TO TRANSFER</u>

This case is transferred to United States Magistrate Judge

John R. Froeschner

to conduct all further proceeding, including final judgment.


_____                    _____
Date                                                UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
|  | § |  |
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| vs. | § | C. A. No. H- _____ |
|  | § |  |
|  | § |  |
|  | § |  |
| Defendants. | § |  |

<u>JOINT PRETRIAL ORDER</u>

1.    APPEARANCE OF COUNSEL

List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

2.    STATEMENT OF THE CASE

Give a brief statement of the case, one that the Court may read to the jury panel for an introduction to the facts and parties; include names, dates and places.

3.    JURISDICTION

Briefly specify the jurisdiction of the subject matter and the parties.  If there is an unresolved jurisdictional question, state it.

4.    MOTION

List any pending motions.

5.    CONTENTIONS OF THE PARTIES

State concisely in separate paragraphs each party's claims.

6.    ADMISSIONS OF FACT

List all facts that require no proof.

7.    CONTESTED ISSUES OF FACT

List all material facts in controversy.

8.    AGREED PROPOSITIONS OF LAW

List the legal propositions that are not in dispute.

9.    CONTESTED PROPOSITIONS OF LAW

State briefly the unresolved issues of law with authorities to support each.

10.    EXHIBITS

A.    On a form similar to the one provided by the clerk, each party will attach two lists of all exhibits expected to be offered and will make the exhibits available for examination by opposing counsel.  All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.

B.    A party requiring authentication of an exhibit must notify the offering counsel in writing within five (5) days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

C.    Within reason, other objections to admissibility of exhibits must be made at least three business days before trial; the Court will be notified I writing of disputes, with copies of the disputed exhibit and authority.

D.    Parties must mark their exhibits to include the date and case number on each.

E.    At the trial, the first step will be the offer and receipt in evidence of exhibits.

11.    WITNESSES

A.    List the names and addresses of witnesses who  may be called with a brief statement of the nature of their testimony. Include the qualifications of expert witnesses; these will be used to quality the expert at trial.

B.    Include:

"If other witnesses to be called at the trial, become known, their names, addresses and subject of their testimony will be reported to opposing counsel as soon as they are known; this does not apply to rebuttal or impeachment witnesses."

12.    SETTLEMENT

Statement that all settlement efforts have been exhausted, that the case cannot be settled, and that it will have to be tried.

13.    Trial

A.    Probable length of trial; and

B.    Logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.

14.    ATTACHMENTS

        Include these required attachments:

A.    For a jury trial:

      (1)    Proposed questions for the voir dire examination.

      (2)    Proposed charge, including instructions, definitions, and special interrogatories, with authority.

B.    For a nonjury trial:

      (1)    Proposed findings of fact (without repeating uncontested facts) and

      (2)    Conclusion of Law, with authority.


_____    _____

Date    United States District Judge


APPROVED:


Date: _____    _____
                                          Attorney-in-charge, Plaintiff


Date: _____    _____
                                          Attorney-in-charge, Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

CASE NO._____

| _____ | § | JUDGE SAMUEL B. KENT |
| | § | Case Manager - Byron Thomas |
| vs. | § | Reporter - |
| | § | Jury/Bench Trial |
| _____ | § | Date_____ |
| | § | |
| Exhibit List of Plaintiff/Defendant | § | Attorney_____ |

Page 1 of 1

| EX. No. | Description | Marked | Offered | Object | Admit | Date |
|---------|-------------|--------|---------|--------|-------|------|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| EX. No. | Description | Marked | Offered | Object | Admit | Date |
|---------|-------------|--------|---------|--------|-------|------|
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |
|         |             |        |         |        |       |      |

AO 399 (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: _ROBERT R. BURFORD, GIBBS & BRUNS, LLP_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, _STATE STREET GLOBAL ADVISORS, INC._ , acknowledge receipt of your request
(DEFENDANT NAME)

_STATE STREET BANK AND TRUST COMPANY_

_STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL ADVISORS_

that I waive service of summons in the action of _HOUSTONS POLICE OFFICERS PENSION SYSTEM v_
(CAPTION OF ACTION)

which is case number _4:08-CV-333_     in the United States District Court
(DOCKET NUMBER)

for the _SOUTHERN_    District of _TEXAS, HOUSTON DIVISION_ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after     _1/29/08_     ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_2/1/08_
(DATE)

_____
(SIGNATURE)

Printed/Typed Name: _Olivia S. Choe_

As _Attorney for_ _State Street Bank and Trust Company and_
(TITLE)                    (CORPORATE DEFENDANT)

_State Street Global Advisors, Inc._

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON POLICE OFFICERS' PENSION SYSTEM | § § § § | |
| V. | § § | CIVIL ACTION NO. H-08-333 |
| STATE STREET BANK & TRUST COMPANY and STATE STREET GLOBAL ADVISORS, INC. | § § § § | |

## CERTIFICATE OF INTERESTED PARTIES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Houston Police Officers' Pension System, by and through its counsel of record, files this certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that Plaintiff understands to be financially interested in the outcome of this litigation:

**A.    Parties**

(1)    Plaintiff:

Houston Police Officers' Pension System

(2)    Defendants:

State Street Bank and Trust Company
State Street Global Advisors, Inc.

**B.    Other Interested Parties**

(1)    For Plaintiff:

None

183721.1

(2)    For Defendant:

State Street Corporation

**C.    Legal Representatives**

(1)    For Plaintiff:

a.    Robert R. Burford
Caren S. Sweetland
Gibbs & Bruns, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
713/650-8805
713/750-0903 - fax

(2)    For Defendant:

a.    Robert A. Skinner
Olivia S. Choe
Ropes & Gray, L.L.P.
One International Place
Boston, MA 02110
617/951-7000
617/951-7050 - fax

Dated: February 19, 2008

Respectfully submitted,

/s/ Robert R. Burford

By: _____

Robert R. Burford
State Bar No. 03371700
GIBBS & BRUNS L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
Phone: (713) 650-8805
Fax: (713) 750-0903
ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

Kathy D. Patrick
State Bar No. 15581400
Caren S. Sweetland
State Bar No. 24001333
Gibbs & Bruns L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
Phone: (713) 650-8805
Fax: (713) 750-0903

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above instrument has been served this 19th day of February, 2008, on all counsel of record as set forth below:

**Via Facsimile**
Robert A. Skinner
Olivia S. Choe
Ropes & Gray, L.L.P.
One International Place
Boston, MA 02110
617/951-7050 - fax
Counsel for Defendants

/s/ Robert R. Burford

_____

Robert R. Burford

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON POLICE OFFICERS' PENSION SYSTEM, | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:08 cv-00333 |
| STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL ADVISORS, INC., | § § § § § | |
| Defendants. | § § | |

## ORDER

The Court having reviewed the applications for *Pro Hac Vice* status in the above-captioned case, the Court approves such applications subject to all applicable rules of the court and hereby GRANTS permission for Harvey J. Wolkoff, Robert A. Skinner, and Olivia S. Choe to enter an appearance on behalf of State Street Bank and Trust Company and State Street Global Advisors, Inc.

SIGNED this _____ day of _____, 2008.


_____
Honorable Samuel B. Kent
United States District Judge

**UNITED STATES DISTRICT COURT**      **SOUTHERN DISTRICT OF TEXAS**

Motion and Order for Admission *Pro Hac Vice*

| Division | Houston | Action Number | 08cv0333 |
|---|---|---|---|

| Houston Police Officers' Pension System |
|---|
| *versus* |
| State Street Bank and Trust Company and State Street Global Advisors, Inc. |

This lawyer, who is admitted either to the State Bar of Texas or to another federal district court:

| Name | Harvey J. Wolkoff |
|---|---|
| Firm | Ropes & Gray LLP |
| Street | One International Place |
| City & Zip | Boston, MA 02110 |
| Telephone | 617-951-7000 |
| Facsimile | 617-951-7050 |
| Email | harvey.wolkoff@ropesgray.com |
| State & Bar Number | Massachusetts  BBO 532880 |
| U.S. District Court | Massachusetts |

Seeks to appear as the attorney for this party:

| State Street Bank and Trust Company and State Street Global Advisors, Inc. |
|---|

| Date 2/19/08 | Signature |
|---|---|

| Order: | This attorney is admitted *pro hac vice*. |
|---|---|

Signed: _____, 200____.

_____

United States District Judge

**UNITED STATES DISTRICT COURT**        **SOUTHERN DISTRICT OF TEXAS**

Motion and Order for Admission *Pro Hac Vice*

| Division | Houston | Action Number | 08cv0333 |
|---|---|---|---|

| Houston Police Officers' Pension System |
|---|
| *versus* |
| State Street Bank and Trust Company and State Street Global Advisors, Inc. |

This lawyer, who is admitted either to the State Bar of Texas or to another federal district court:

| | |
|---|---|
| Name | Robert A. Skinner |
| Firm | Ropes & Gray LLP |
| Street | One International Place |
| City & Zip | Boston, MA 02110 |
| Telephone | 617-951-7000 |
| Facsimile | 617-951-7050 |
| Email | robert.skinner@ropesgray.com |
| State & Bar Number | Massachusetts  BBO 567862 |
| U.S. District Court | Massachusetts |

Seeks to appear as the attorney for this party:

| State Street Bank and Trust Company and State Street Global Advisors, Inc. |
|---|

| Date 2/19/2008 | Signature |
|---|---|

| Order: | This attorney is admitted *pro hac vice*. |
|---|---|

Signed: _____, 200____.

_____

United States District Judge

**UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS**

Motion and Order for Admission *Pro Hac Vice*

| Division | Houston | Action Number | 08cv0333 |
|---|---|---|---|

| Houston Police Officers' Pension System |
|---|
| *versus* |
| State Street Bank and Trust Company and State Street Global Advisors, Inc. |

This lawyer, who is admitted either to the State Bar of Texas or to another federal district court:

| Name | Olivia S. Choe |
|---|---|
| Firm | Ropes & Gray LLP |
| Street | One International Place |
| City & Zip | Boston, MA 02110 |
| Telephone | 617-951-7000 |
| Facsimile | 617-951-7050 |
| Email | olivia.choe@ropesgray.com |
| State & Bar Number | Massachusetts  BBO 660732 |
| U.S. District Court | Massachusetts |

Seeks to appear as the attorney for this party:

| State Street Bank and Trust Company and State Street Global Advisors, Inc. |
|---|
| Date 2/19/08    Signature |

| Order: | This attorney is admitted *pro hac vice*. |
|---|---|

Signed: _____, 200____.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHEETMETAL WORKERS' NATIONAL PENSION FUND, | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | |
| CHAD C. DEATON, LARRY D. BRADY, CLARENCE P. CAZALOT, JR., EDWARD P. DJEREJIAN, ANTHONY G. FERNANDES, CLAIRE W. GARGALLI, PIERRE H. JUNGELS, JAMES A. LASH, JAMES F. McCALL, J. LARRY NICHOLS, H. JOHN RILEY, JR., CHARLES L. WATSON, MICHAEL E. WILEY, RICHARD D. KINDER, JOE B. FOSTER, LESTER M. ALBERTHAL, JR., VICTOR G. BEGHINI, EUNICE M. FILTER, MAX P. WATSON, JR., JOSEPH T. CASEY, ALTON J. BRANN, JACK S. BLANTON, JOHN F. MAHER, MAX L. LUKENS, DONALD C. TRAUSCHT, and JOHN R. RUSSELL, | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:2007cv01517 |
| Defendants, | § § | |
| and | § § | |
| BAKER HUGHES INCORPORATED, | § § | |
| Nominal Defendant. | § § | |

**DEFENDANTS' CERTIFICATE OF INTERESTED PARTIES**

Pursuant to the Court's Order for Conference and Disclosure of Interested Parties,

Defendants submit this Certificate of Interested Parties. The following persons and entities

appear from the pleadings to be financially interested in the outcome of this case:

| 1. | Plaintiff | Sheetmetal Workers' National Pension Fund |
|---|---|---|
| 2. | Counsel for Plaintiff | Brian D. Long<br>Seth D. Rigrodsky<br>RIGRODSKY & LONG, P.A.<br>919 N. Market St., Suite 980<br>Wilmington, DE 19801<br>(302) 295-5310 |
| 3. | Counsel for Plaintiff | Martha H. Rhodes<br>Vincent I. Parrett<br>MOTLEY RICE, LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>(843) 216-9000<br>mrhodes@motleyrice.com<br>vparett@motleyrice.com |
| 4. | Counsel for Plaintiff | Tom Alan Cunningham<br>CUNNINGHAM WELSH DARLOW & ZOOK, LLP<br>600 Travis, Suite 1700<br>Houston, TX 77002<br>(713) 255-5500<br>tcunningham@cwdz.net |
| 5. | Defendant | Chad C. Deaton |
| 6. | Defendant | Larry D. Brady |
| 7. | Defendant | Clarence P. Cazalot, Jr. |
| 8. | Defendant | Edward P. Djerejian |
| 9. | Defendant | Anthony G. Fernandes |
| 10. | Defendant | Claire W. Gargalli |
| 11. | Defendant | Pierre H. Jungels |
| 12. | Defendant | James A. Lash |
| 13. | Defendant | James F. McCall |
| 14. | Defendant | J. Larry Nichols |
| 15. | Defendant | H. John Riley, Jr. |
| 16. | Defendant | Charles L. Watson |
| 17. | Defendant | Michel E. Wiley |
| 18. | Defendant | Richard D. Kinder |
| 19. | Defendant | Joe B. Foster |
| 20. | Defendant | Lester M. Alberthal, Jr. |

| 21. | Defendant | Victor G. Beghini |
|-----|-----------|-------------------|
| 22. | Defendant | Eunice M. Filter (deceased) |
| 23. | Defendant | Max P. Watson, Jr. |
| 24. | Defendant | Joseph T. Casey |
| 25. | Defendant | Alton J. Brann |
| 26. | Defendant | Jack S. Blanton |
| 27. | Defendant | John F. Maher |
| 28. | Defendant | Max L. Lukens |
| 29. | Defendant | Donald C. Trauscht |
| 30. | Defendant | John R. Russell |
| 31. | Nominal Defendant | Baker Hughes Incorporated |
| 32. | Insurer: | Illinois National Insurance Co. (AIG) |
| 33. | Insurer: | Starr Excess Liability Insurance Co. Ltd. (AIG) |
| 34. | Insurer | National Union Fire Insurance Co. of Pittsburg, PA (AIG) |
| 35. | Insurer | Associated Electric & Gas Insurance Services Ltd. (AEGIS) |
| 36. | Insurer | XL Insurance (Bermuda) Ltd. (XL) |
| 37. | Insurer | Allied World Assurance Co. Ltd. (AWAC - Bermuda) |
| 38. | Insurer | Twin City Fire Insurance Company (The Hartford) |
| 39. | Insurer | Axis Specialty Insurance Company (Axis) |
| 40. | Insurer | Arch Reinsurance Ltd. (Arch Bermuda) |
| 41. | Insurer | Liberty Mutual Insurance Co. (Liberty) |
| 42. | Insurer | Federal Insurance Company (Chubb) |
| 43. | Insurer | U.S. Specialty Insurance (HCC) |
| 44. | Insurer | RLI Insurance Company (RLI) |
| 45. | Insurer | Ace American Insurance Company (ACE) |
| 46. | Insurer | Axis Reinsurance Company (Axis) |
| 47. | Insurer | Lumbermen's Mutual Casualty Co. (Kemper) |
| 48. | Insurer | Sheffield Insurance Corporation (Axis) |
| 49. | Insurer | Greenwich Insurance Company (XL) |
| 50. | Insurer | Continental Casualty Co. (CNA) |
| 51. | Insurer | St. Paul Mercury Insurance Co. (St. Paul Travelers) |
| 52. | Insurer | Clarendon National Insurance Co. (HCC) |

| 53. | Insurer | North American Specialty Ins. Co. (Axcelera) |
| 54. | Insurer | Reliance in Liquidation |

Respectfully submitted,

BAKER BOTTS L.L.P.

By: /s/ Samuel Cooper
    Samuel Cooper
    Texas Bar No. 00792427
    Federal I.D. No. 19954
    *Attorney-in-Charge*
    One Shell Plaza
    910 Louisiana St.
    Houston, TX 77002
    (713) 229-1834 (telephone )
    (713) 229-2734 (facsimile)

OF COUNSEL:

BAKER BOTTS L.L.P.
Danny David
Texas Bar No. 24028267
Federal I.D. No. 24028267
Raj Duvvuri
Texas Bar No. 24054185
Federal I.D. No. 639073
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-1234
Facsimile: (713) 229-1522

*Counsel for Defendants Chad C. Deaton,*
*Larry D. Brady, Clarence P. Cazalot, Jr.,*
*Edward P. Djerejian, Anthony G. Fernandes,*
*Claire W. Gargalli, Pierre H. Jungels,*
*James A. Lash, James F. McCall, J. Larry Nichols,*
*H. John Riley, Jr., Charles L. Watson,*
*Michael E. Wiley, Richard D. Kinder,*
*Joe B. Foster, Lester M. Alberthal, Jr.,*
*Victor G. Beghini, Max P. Watson, Jr.,*
*Joseph T. Casey, Jack S. Blanton, John F. Maher,*
*Max L. Lukens, Donald C. Trauscht,*
*John R. Russell, and Baker Hughes Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on this 9th day of June, 2007, on the following counsel of record:

Brian D. Long
Seth D. Rigrodsky
RIGRODSKY & LONG, P.A.
919 N. Market St., Suite 980
Wilmington, DE  19801

Martha H. Rhodes
Vincent I. Parrett
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mount Pleasant, SC  29464

Tom Alan Cunningham
CUNNINGHAM WELSH DARLOW & ZOOK, LLP
600 Travis, Suite 1700
Houston, TX  77002

/s/ Samuel Cooper
Samuel Cooper

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON POLICE OFFICERS' PENSION SYSTEM, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:08 cv-00333 |
| STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL ADVISORS, INC., | § § § § | |
| Defendants. | § § § | |

**DEFENDANTS STATE STREET BANK AND TRUST COMPANY
AND STATE STREET GLOBAL ADVISORS, INC.'S
CERTIFICATE OF INTERESTED PARTIES**

Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc. hereby certify that the following listed persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations or other entities are financially interested in the outcome of this litigation, as defined by the Court in its February 4, 2008 Order for Conference & Disclosure of Interested Parties. The identities of publicly traded corporations are underlined as instructed by the Court.

**A.     Parties**

1.     Plaintiff:

Houston Police Officers' Pension System

2.     Defendants:

State Street Bank and Trust Company
State Street Global Advisors, Inc.

**B.     Other Interested Parties**

    1.     For Plaintiff:

        None

    2.     For Defendants:

        <u>State Street Corporation</u>
        *Parent of Defendants State Street Bank and Trust Company and*
        *State Street Global Advisors, Inc.*

**C.     Legal Representatives**

    1.     For Plaintiff:

        Robert R. Burford
        Caren S. Sweetland
        GIBBS & BRUNS, L.L.P.
        1100 Louisiana, Suite 5300
        Houston, TX  77002
        Tel: 713-650-8805
        Fax: 713-750-0903

    2.     For Defendants:

        David D. Sterling
        Elizabeth Myers
        BAKER BOTTS LLP
        One Shell Plaza
        910 Louisiana Street
        Houston, TX  77002-4995
        Tel: 713-229-1946
        Fax: 713-229-7946

        Harvey J. Wolkoff
        Robert A. Skinner
        Olivia S. Choe
        ROPES & GRAY LLP
        One International Place
        Boston, MA  02110
        Tel: 617-951-7000
        Fax: 617-951-7050

Dated: February 19, 2008

Respectfully submitted,

BAKER BOTTS L.L.P.

By:/s/ David D. Sterling
    David D. Sterling
    Attorney-in-Charge
    Texas Bar No. 19170000
    Southern District No. 07079
    Elizabeth Myers
    Texas Bar No. 24047767
    Southern District No. 611670
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas  77002-4995
    David.Sterling@bakerbotts.com
    Elizabeth.Myers@bakerbotts.com
    Tel: 713-229-1946
    Fax: 713-229-7946

*Attorneys for Defendants State Street Bank
and Trust Company and State Street Global
Advisors, Inc.*

Of Counsel:
Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
ROPES & GRAY LLP
One International Place
Boston, MA 02110
Harvey.Wolkoff@ropesgray.com
Robert.Skinner@ropesgray.com
Olivia.Choe@ropesgray.com
Tel: 617-951-7000
Fax: 617-951-7050

*Motions for Pro Hac Vice Admission Pending*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 19th day of February, 2008, I caused a true and correct copy of the foregoing Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc.'s Certificate of Interested Parties to be served on all counsel of record by ECF filing.

/s/ David D. Sterling
David D. Sterling

**UNITED STATES DISTRICT COURT**        **SOUTHERN DISTRICT OF TEXAS**

Motion and Order for Admission *Pro Hac Vice*

| Division | Houston | Action Number | 08cv0333 |
|---|---|---|---|

| Houston Police Officers' Pension System |
|---|

| *versus* |
|---|

| State Street Bank and Trust Company and State Street Global Advisors, Inc. |
|---|

This lawyer, who is admitted either to the State Bar of Texas or to another federal district court:

| Name | Harvey J. Wolkoff |
|---|---|
| Firm | Ropes & Gray LLP |
| Street | One International Place |
| City & Zip | Boston, MA 02110 |
| Telephone | 617-951-7000 |
| Facsimile | 617-951-7050 |
| Email | harvey.wolkoff@ropesgray.com |
| State & Bar Number | Massachusetts  BBO 532880 |
| U.S. District Court | Massachusetts |

Seeks to appear as the attorney for this party:

| State Street Bank and Trust Company and State Street Global Advisors, Inc. |
|---|

| Date 2/19/08 | Signature |
|---|---|

| Order: | This attorney is admitted *pro hac vice*. |
|---|---|

Signed: _Feb. 22nd_ , 200 8 .

_____
United States District Judge

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAR 3 1 2008

MICHAEL N. MILBY, CLERK OF COURT

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: State Street Bank and Trust Co. Fixed Income Funds Investment Litigation | MDL No. 1945 |

## DEFENDANTS STATE STREET BANK AND TRUST COMPANY
## AND STATE STREET GLOBAL ADVISORS, INC.'S
## THIRD RULE 7.2(A)(II) SCHEDULE OF ACTIONS

| Plaintiff(s) | Defendant(s) | Dist./Div. | Civ. A. No. | Judge |
|---|---|---|---|---|
| Prudential Retirement Insurance and Annuity Company* | State Street Bank and Trust Company; State Street Global Advisors, Inc. | S.D.N.Y. | 07cv8488 | Honorable Richard J. Holwell |
| Unisystems, Inc.; Warren Cohen* | State Street Bank and Trust Company; State Street Global Advisors, Inc.; John Does 1-20 | S.D.N.Y. | 07cv9319 | Honorable Richard J. Holwell |
| Merrimack Mutual Fire Insurance Co.; Alan Kober * | State Street Bank and Trust Company; State Street Global Advisors, Inc.; John Does 1-20 | S.D.N.Y. | 07cv9687 | Honorable Richard J. Holwell |
| Nashua Corp. Pension Plan Committee; John L. Patenaude; Margaret Callan; Karen Adams* | State Street Bank and Trust Company; State Street Global Advisors, Inc.; John Does 1-20 | S.D.N.Y. | 08cv0265 | Honorable Richard J. Holwell |
| Memorial Hermann Healthcare System; the Health Professionals Insurance Co., Ltd. | State Street Bank and Trust Company; Cambridge Financial Services, Inc.; Ernest A. Liébré | S.D. Tex. | 07cv4089✓ | Honorable Kenneth M. Hoyt |
| Houston Police Officers' Pension System | State Street Bank and Trust Company; State Street Global Advisors, Inc. | S.D. Tex. | 08cv0333✓ | Honorable Samuel B. Kent |
| Welborn Baptist Foundation, Inc. | State Street Bank and Trust Company; State Street Global Advisors, Inc.; Yanni Partners, Inc. | S.D. Indiana | 08cv00027 | Honorable Richard L. Young |

---

\* By order entered February 7, 2008, the *Nashua* action was consolidated for pre-trial purposes with the already consolidated *Prudential*, *Unisystems*, and *Merrimack* actions under the caption *In re State Street Bank and Trust Company ERISA Litigation*, Master Case No. 07 Civ. 8488 (S.D.N.Y.).

Dated: March 26, 2008

Respectfully submitted,

ROPES & GRAY LLP

By: *Robert A Skinner*

Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
One International Place
Boston, MA 02110
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
harvey.wolkoff@ropesgray.com
robert.skinner@ropesgray.com
olivia.choe@ropesgray.com

*Attorneys for Defendants State Street Bank
and Trust Company and State Street Global
Advisors, Inc.*

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: State Street Bank and Trust Co. Fixed Income Funds Investment Litigation | MDL No. 1945 |

**PROOF OF SERVICE**

I hereby certify that on March 26, 2008, copies of Defendants State Street Bank & Trust Company and State Street Global Advisors, Inc.'s March 26, 2008 letter to the Panel concerning the Second Amended Complaint filed in *Memorial Hermann Healthcare System & the Health Professionals Insurance Company, Ltd. v. State Street Bank and Trust Co. et al.*, Case No. 07 Civ. 4089 (S.D. Texas), together with the Third Rule 7.2(a)(ii) Schedule of Actions, were served by U.S. mail on the following:

(1)   The clerk of the United States District Court for the Southern District of New York;

(2)   The clerk of the United States District Court for the Southern District of Texas, Houston Division;

(3)   The clerk of the United States District Court for the Southern District of Indiana;

(4)   Counsel of record appearing on the attached Panel Attorney Service List;

(5)   Counsel of record in the following potential tag-along action:

*Welborn Baptist Foundation, Inc. v. State Street Global Advisors, Inc.*, No. 08 Civ. 00027 (S.D. Ind.)

**Counsel for Plaintiff Welborn Baptist Foundation, Inc.**

Michele S. Bryant
Thomas J. Kimpel
BAMBERGER, FOREMAN,
OSWALD AND HAHN, LLP
20 NW 4th Street, 7th Floor
P.O. Box 657
Evansville, Indiana 47704-0657

Richard B. Walsh, Jr.
David B. Helms
R. Bradley Ziegler
LEWIS, RICE, FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, Missouri 63102

(6)    Defendant Yanni Partners, Inc., in *Welborn Baptist Foundation, Inc. v. State Street Bank & Trust Co.*, No. 08 Civ. 00027 (S.D. Ind.), was served directly pursuant to J.P.M.L. Rule 5.2 at the following address:

Yanni Partners, Inc.
310 Grant Street, Suite 3000
Pittsburgh, Pennsylvania 15219-2302

(7)    Defendant Yanni Partners, Inc., was recently acquired by Arthur J. Gallagher & Company. Accordingly, the following entities affiliated with Yanni Partners, Inc. were also served at the following addresses:

GBS Investment Consulting, LLC
The Gallagher Centre
Two Pierce Place
Itasca, Illinois 30143-3141

Arthur J. Gallagher & Co.
The Gallagher Centre
Walter D. Bay, Vice President and
General Counsel
Two Pierce Place
Itasca, Illinois 60143-3141

(8)    State Street has reason to believe that Yanni Partners, Inc., will be represented by the law firm of REED SMITH LLP. Accordingly, counsel was also served at the following address:

Douglas K. Spaulding
REED SMITH LLP
1301 K Street NW #1100
Suite 1100 – East Tower
Washington, DC 20005

Sophia Antzoulatos

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Docket: 1945 - IN RE: State Street Bank and Trust Co. Fixed Income Funds Investment Litigation
Status:  Pending on  / /
Transferee District:       Judge:                                                              Printed on 03/11/2008

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|

**Block, Jeffrey C.**
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO

One Liberty Square
8th Floor
Boston, MA 02109

=>Phone: (617) 542-8300  Fax: (617) 542-1194  Email: jblock@bermanesq.com
Adams, Karen*; Callan, Margaret*; Nashua Corp. Pension Plan Committee*; Patenaude, John L.*

**Burford, Robert R.**
GIBBS & BRUNS LLP
1100 Louisiana
Suite 5300
Houston, TX 77002

=>Phone: (713) 650-8805  Fax: (713) 750-0903  Email: rburford@gibbs-bruns.com
Houston Police Officers Pension System*

**Fredericks, William C.**
BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
1285 Avenue Of The Americas
New York, NY 10019-6028

=>Phone: (212) 554-1484  Email: bill@blbglaw.com
Cohen (Trustee-the Unisystems, Inc. Employee's Profit Sharing Plan), Warren; Kober (Trustee-the Andover Companies Employee Savings & Profit Sharing Plan), Alan; Kober, Alan; Merrimack Mutual Fire Insurance Co.; Merrimack Mutual Fire Insurance Co.; Unisystems, Inc. Employees Profit Sharing Plan

**Gowen, III, George M.**
COZEN O'CONNOR
1900 Market Street
Fourth Floor
Philadelphia, PA 19103

=>Phone: (215) 665-2781  Fax: (215) 701-2028  Email: ggowen@cozen.com
Cambridge Financial Services*

**Parker, Charles R.**
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis
Suite 3400
Houston, TX 77002-3095

=>Phone: (713) 226-1469  Fax: (713) 229-2632  Email: cparker@lockelord.com
Health Professionals Insurance Co., Ltd.*; Memorial Hermann Health Care System*

**Schallert, Edwin G.**
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022

=>Phone: (212) 909-6295  Fax: (212) 909-6836  Email: egschall@debevoise.com
Prudential Retirement Insurance & Annuity Co.*

**Wolkoff, Harvey J.**
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624

=>Phone: (617) 951-7522  Fax: (617) 235-0224  Email: harvey.wolkoff@ropesgray.com
State Street Bank & Trust Co.*; State Street Global Advisors, Inc.*

Note: Please refer to the report title page for complete report scope and key.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON POLICE OFFICERS' PENSION SYSTEM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 08-civ-0333 |
| STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL ADVISORS, INC., | § § § | |
| Defendants. | § § § | |

## ANSWER

Defendants State Street Bank and Trust Company ("SSBT") and State Street Global Advisors (collectively, "State Street")[1] for their Answer to Plaintiff's Original Complaint ("Complaint") hereby state as follows:

1.    Admitted that the Houston Police Officers' Pension System ("HPOPS") decided to invest in a commodities strategy known as the Enhanced Dow Jones-AIG Commodities Strategy (the "Commodities Strategy"), that as of May 2007, HPOPS had provided $72 million in connection with its investment in the Commodities Strategy, and that $54,298,176.00 of this amount was invested as part of the Commodities Strategy in the Limited Duration Bond Fund ("LDBF" or the "Fund") managed by State Street. State Street denies that the purpose of the investment in LDBF was "to cover potential losses on commodities futures swaps," but rather was to earn a return to cover the costs of investing in swaps, further denies the remaining facts

---

[1] The Complaint incorrectly names State Street Global Advisors, Inc., as a defendant. State Street Global Advisors, Inc., is a holding company with no connection to the allegations of the Complaint, and should be dismissed as a party defendant. *See* paragraph 9, *infra*.

and allegations of paragraph numbered 1, and further says that the remaining allegations of paragraph numbered 1 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

      2.     State Street says that the investment objective of LDBF is set forth in written documents that speak for themselves, and to the extent these written documents differ from the allegations of paragraph numbered 2, State Street denies the same, further says that the written documents that are quoted also state that LDBF invests in, among other things, futures, options, and swaps, and otherwise denies the remaining allegations of paragraph numbered 2.

      3.     Denied.

      4.     State Street admits that during the summer of 2007, a period of unprecedented market volatility and illiquidity, LDBF's performance was below its benchmark, and that LDBF generally experienced millions of dollars in losses, but otherwise denies the remaining allegations of paragraph numbered 4.

      5.     State Street admits that at a certain point in 2007, certain commingled funds managed by State Street held 38,856,819 units of LDBF on behalf of other customers, that certain of the LDBF units held by other State Street commingled funds were redeemed pursuant to established procedures, that HPOPS was notified in advance of such redemptions pursuant to the communication referenced in paragraph numbered 53, and that following redemption by the commingled funds, HPOPS owned approximately 88% of the units in the Fund, but otherwise denies the remaining allegations of paragraph numbered 5.

      6.     Denied.

      7.     State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 7.

8.    State Street admits the first two sentences of paragraph numbered 8, says that the allegations set forth in the third sentence of paragraph numbered 8 are legal conclusions to which no answer is required, and further says that SSBT's authority and control over LDBF and the Trust referenced in paragraph numbered 8 are set forth in written documents that speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 8.

9.    State Street admits that State Street Global Advisors, Inc., is a Delaware corporation and a wholly-owned subsidiary of State Street Corporation, but says that State Street Global Advisors, Inc., does not perform any of the investment management functions at issue in the Complaint, says that State Street Global Advisors ("SSgA"), an unincorporated division of SSBT, provided the investment management services at issue in the Complaint and has a principal place of business in Boston, Massachusetts, but is not a distinct legal entity and is not the same as State Street Global Advisors, Inc., admits that HPOPS invested certain funds in LDBF, further says that State Street's authority over those funds and over the investments of LDBF are set forth in written documents that speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 9.

10.    The allegations of paragraph numbered 10 state legal conclusions to which no answer is required.

11.    State Street says that the Investment Management Agreement ("IMA") referenced in paragraph numbered 11 is written and speaks for itself, and further says that the remaining allegations in paragraph 11 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

12-13. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 12-13.

14.    State Street says that the Power Point presentation referenced in paragraph numbered 14 is a written document that speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 14.

15.    State Street says that the terms and objectives of HPOPS's investment in the Commodities Strategy, including the terms governing investment of the funds provided by HPOPS, are set forth in a written document that speaks for itself, and otherwise denies the allegations in the first four sentences of paragraph numbered 15 as setting forth broad generalizations, admits that HPOPS, like other State Street clients who invested in State Street's Enhanced Dow Jones-AIG Commodities Strategy, provided funds equivalent to the full notional value of its investment in the Commodities Strategy, admits that 75% of the funds provided by HPOPS were held by State Street and invested in LDBF, and that the remaining 25% was held by AIG Financial Products Corp. ("AIG"), the swap provider, in a margin account, admits that on pre-specified settlement dates, AIG either deposited additional funds into HPOPS' LDBF account or withdrew funds from that account, depending upon the performance of the commodities swaps, but denies that such settlements occurred daily or that any corresponding need existed to withdraw funds from LDBF "on a daily basis," and otherwise denies the remaining allegations of paragraph numbered 15.

16.    State Street admits that it offered a commodities strategy known as the Enhanced Dow Jones-AIG Commodities Index Strategy to institutional investors, but says that HPOPS' investment in the Commodities Strategy was a separately managed strategy, and not part of the fund utilized by other institutional investors, and otherwise denies the remaining allegations of paragraph numbered 16.

17.     State Street says that the August 2005 presentation referenced in paragraph numbered 17 is a written document that speaks for itself, admits that "'[a]sset-backed' securities generally do not include mortgage-backed securities," but denies that the term "mortgage-backed securities" is understood to include the entire universe of securities collateralized by home equity debt obligations, and further says that the term "asset-backed securities" is generally understood to refer to securities collateralized by debt obligations, including but not limited to residential mortgage and home equity debt, and otherwise denies the remaining allegations of paragraph numbered 17.

18.     State Street admits that LDBF was formed under the Declaration of Trust referenced in paragraph numbered 18, which is written and speaks for itself, that it issued an Amended Fund Declaration for LDBF effective as of October 1, 2005, which is also written and speaks for itself, that State Street managed LDBF, and that State Street issued units of LDBF to HPOPS, but says that the remaining allegations of paragraph numbered 18 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

19.     State Street admits that on or before September 13, 2005, HPOPS selected State Street to manage its investments in the TIPS and Commodities Strategies, and that HPOPS first invested in the TIPS Strategy and subsequently invested in the Commodities Strategy, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first two sentences of paragraph numbered 19, further admits that on or about December 6, 2005, HPOPS and State Street executed an IMA that is written and speaks for itself, and says that the remaining allegations of paragraph numbered 19 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

20.    State Street says that the April 24, 2006 and June 8, 2006 e-mails referenced in paragraph numbered 20 are written and therefore speak for themselves, and to the extent these written documents differ from the allegations in paragraph numbered 20, State Street denies the same.

21.    State Street admits that on or about June 16, 2006, HPOPS and SSgA executed the First Amendment to the IMA, which is written and speaks for itself, but otherwise denies the remaining allegations of paragraph numbered 21.  With respect to the allegations in footnote 1, State Street admits that on or about April 20, 2007, HPOPS closed its TIPS portfolio and told State Street that its decision was based upon rising fees, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of footnote 1.

22.    The Amended IMA referenced in paragraph numbered 22 is written and speaks for itself, and State Street otherwise denies the remaining allegations of paragraph numbered 22.

23.    The Amended IMA referenced in paragraph numbered 23 is written and speaks for itself, and State Street otherwise denies the remaining allegations of paragraph numbered 23.

24.    The quoted language in paragraph numbered 24 comes from a written document that speaks for itself, and State Street otherwise denies the remaining allegations of paragraph numbered 24.

25.    State Street admits that HPOPS was required to execute an ISDA with AIG, which agreement is written and speaks for itself, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the ISDA, admits that AIG was the swap counterparty for commodities futures swaps entered into on HPOPS' behalf in connection with its investment in the Commodities Strategy, that 25% of the

funds provided by HPOPS were held by AIG, and that HPOPS invested the remaining 75% with State Street, but otherwise denies the remaining allegations of paragraph numbered 25.

26.     State Street admits that HPOPS provided funds equaling 100% of the notional value of its investment in the Commodities Strategy, and that any losses on HPOPS's investments in commodities swaps came first out of the funds held by State Street, is without knowledge or information sufficient to form a belief as to HPOPS' alleged "desire" not to leverage its investment in the Commodities Strategy, and otherwise denies the remaining allegations of paragraph numbered 26.

27.     State Street says that HPOPS invested $72 million in the Commodities Strategy, that HPOPS instructed Northern Trust Company to wire $6 million monthly from June 2006 through May 2007 to State Street, that State Street transferred 25% of this amount to AIG each month, and that the remaining 75% was invested in LDBF, says that the Amended IMA referenced in paragraph numbered 27 is written and therefore speaks for itself, and further says that the remaining allegations of paragraph numbered 27 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

28.     State Street says that the SSgA Account Summary referenced in paragraph numbered 28 is written and therefore speaks for itself, admits that 75% of the collateral HPOPS provided in connection with its investment in the Commodities Strategy was invested in LDBF, and that as of May 31, 2007, HPOPS held 4,719,665.291 units of LDBF with a market value of $56,272,569.26, but otherwise denies the remaining allegations of paragraph numbered 28.

29.     Denied.

30.     State Street says that it regularly provided information concerning HPOPS' investment in the Commodities Strategy during the referenced period, and further says that it

provided information concerning the market value of HPOPS' investment in LDBF during the first quarter of 2007, is without knowledge or information sufficient to form a belief as to the truth of the allegation that "HPOPS became worried," but denies that HPOPS requested information concerning LDBF's composition or performance before July 2007, admits that in or about May 2007, Pat Franey requested certain account reconciliations, but states that such requests concerned accounting issues and did not concern LDBF's performance, and otherwise denies the remaining allegations of paragraph numbered 30.

31.    State Street says that the e-mails referenced in paragraph numbered 31 are written and speak for themselves, further says that the Complaint selectively quotes the referenced e-mails and that, in fact, Mr. Franey's May 11, 2007 e-mail asked how long it would take to liquidate HPOPS's investments in the absence of any "market event," and explicitly recognized that "there are significant issues of not wanting to sell during a market event, but let's assume there is no market event," and otherwise denies the remaining allegations of paragraph numbered 31.

32.    State Street admits that on or about July 18, 2007, State Street sent the portfolio account summary referenced in paragraph numbered 32, which is written and speaks for itself, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 32.

33.    State Street says that the communications, spreadsheet, and Appraisal Report referenced in paragraph numbered 33 are all written and speak for themselves, and to the extent that they differ from the allegations of paragraph numbered 33, State Street denies the same, and otherwise denies the remaining allegations of paragraph numbered 33.

34.    State Street says that the communications and documents referenced in paragraph numbered 34 and footnote 2 are written documents that speak for themselves, but denies that it sent HPOPS a "prospectus" and says that it provided HPOPS with an annual report and, as done previously, a Fact Sheet, and otherwise denies the remaining allegations of paragraph numbered 34.

35.    State Street says that on or about July 24, 2007, Craig DeGiacomo sent Pat Franey financial statements for the Limited Duration Bond Fund dated December 31, 2006 and audited by PriceWaterhouseCoopers, which are written and speak for themselves, is without knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence of paragraph numbered 35 regarding HPOPS' concerns, and denies the remaining allegations of paragraph numbered 35.

36.    Admitted that on or about July 24, 2007, State Street sent HPOPS the Amended Fund Declaration referenced in paragraph 36, which is written and speaks for itself, and to the extent the written document differs from the allegations of paragraph numbered 36, State Street denies the same.

37.    State Street says that the August 28, 2007 and September 11, 2007 presentations referenced in paragraph numbered 37 are written and speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 37.

38.    State Street says that LDBF has at times invested in, among other things, asset-backed securities and derivative instruments, including the BBB ABX Index, admits that LDBF has made "leveraged" investments, but denies the implication that financial or "notional" leverage is commensurate with an increase in risk, and denies the remaining allegations of paragraph numbered 38.

39.    State Street says that the July 20, 2007 e-mail and other communications referenced in paragraph 39 are written documents that speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 39.

40.    State Street says that the July 26, 2007 e-mail referenced in paragraph numbered 40 is a written document that speaks for itself, further says that State Street disclosed before July 2007 that LDBF invested in swaps, and otherwise denies the remaining allegations of paragraph numbered 40.

41.    State Street admits that in or about late July or early August 2007, Mr. Franey requested certain information from State Street concerning HPOPS's investment, says that State Street responded to these requests, and otherwise denies the remaining allegations of paragraph numbered 41.

42.    State Street admits that in or about the first week of August 2007, Craig DeGiacomo sent a letter to Pat Franey, which is written and speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 42.

43.    State Street admits that on or about August 28, 2007, Craig DeGiacomo, James D. Hopkins, and John A. Tucker of SSgA made a presentation to HPOPS regarding LDBF, says that the Power Point slides referenced in paragraph numbered 43 are written and speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 43.

44.    State Street says that during the August 28, 2007 presentation, State Street and HPOPS discussed that at certain times, a substantial amount of LDBF's assets was invested in asset-backed securities, and that investing in secured debt had always been a central component of LDBF's strategy, further says that the August 2005 presentation, December 31, 2006 Audit Report, Fund Declaration, Fact Sheet, and August 28, 2007 and September 11, 2007 Power Point

presentations are written documents that speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 44.

45.    State Street admits that at a meeting with HPOPS on or about August 28, 2007, State Street discussed LDBF's investment in the BBB tranche of the ABX Index, says that its description of the ABX Index and the documents referenced in the third sentence of paragraph numbered 45 are written and speak for themselves, further says that the ABX index is a series of credit default swaps and that written materials previously provided to HPOPS stated that LDBF utilized an expanded universe of securities, including derivative instruments such as "swaps," and otherwise denies the remaining allegations of paragraph numbered 45.

46.    State Street admits that on or about September 11, 2007, Craig DeGiacomo, Paul Greff, and John Tucker of SSgA made a presentation to the HPOPS Board of Trustees, says that the quoted language and percentages in paragraph numbered 46 come from a written document that speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 46.

47.    State Street says that the New York Times article cited in paragraph numbered 47 is a written document that speaks for itself, further says that the final two sentences of paragraph numbered 47 state legal conclusions to which no answer is required, but to the extent an answer is required, denied, and otherwise denies the remaining allegations of paragraph numbered 47.

48.    State Street admits that on or about September 19, 2007, Craig DeGiacomo sent Pat Franey an e-mail with a retracement analysis, and that on or about October 1, 2007, Robert Pickett sent Mr. Franey a spreadsheet, which documents are written and speak for themselves, and to the extent these written documents differ from the allegations of paragraph numbered 48, State Street denies the same, further says that the allegations in paragraph

numbered 48 concerning market value, percentage of ownership, and percentage investments also come from written documents that speak for themselves, says with respect to the allegations in footnote 3 that redemptions by certain State Street commingled funds that held units of LDBF on behalf of other State Street customers were conducted pursuant to established procedures and that on or about August 8, 2007, State Street sent an e-mail to HPOPS stating that certain State Street commingled funds holding units of LDBF would be redeeming their investments in-kind, and otherwise denies the remaining allegations of paragraph numbered 48.

49.    State Street admits that in or about October 2007, State Street sent a spreadsheet to Pat Franey containing data as of July 31, 2007 and as of September 17, 2007, which spreadsheet is written and speaks for itself, further says that the percentages referenced in paragraph numbered 49 concern LDBF's holdings on two different dates, and otherwise denies the remaining allegations of paragraph numbered 49.

50.    Denied.

51.    State Street says that the Complaint's use of the term "leverage" is vague and that LDBF has at times made investments in derivatives as disclosed that created a notional exposure in excess of the Fund's capital, but denies the implication that financial or notional "leverage" is commensurate with risk, admits that Craig DeGiacomo left Stacy Ables a voicemail in or about August 2007 responding to questions about notional leverage in LDBF, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what HPOPS "learned" or when, and otherwise denies the remaining allegations of paragraph numbered 51.

52.    Denied.

53.    State Street says that the e-mail from Megan Gibber to Pat Franey referenced in paragraph numbered 53 is a written document that speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 53.

54.    State Street admits that on or about August 27, 2007, Craig DeGiacomo sent a spreadsheet to Pat Franey that is written and speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 54.

55.    State Street says that the spreadsheet referenced in paragraph numbered 55 is written and speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 55.

56.    State Street admits that on or about September 11, 2007, the parties held at a meeting, and that on or about October 4, 2007, State Street sent a document to HPOPS, which is written and speaks for itself, but otherwise denies the remaining allegations of paragraph numbered 56.

57.    State Street says that the figures referenced in paragraph numbered 57 come from a written document that speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 57.

58.    State Street says that the August 28, 2007 e-mail referenced in paragraph numbered 58 is a written document that speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 58.

59.    State Street admits that during the August 28, 2007 presentation by SSgA, the parties discussed investment in LDBF by certain State Street commingled funds and the effect of redemption by other LDBF investors on HPOPS' liquidity, and further says that Pat Franey's requests for information on or about September 12, 2007 come from a written document that

speaks for itself, but otherwise denies the remaining allegations of paragraph numbered 59.

60.    Denied.

61.    State Street says that the November 7, 2007 request and IMA referenced in paragraph numbered 61 are written documents that speak for themselves, and otherwise denies the remaining allegations of paragraph numbered 61.

62.    State Street says that the figures set forth in paragraph numbered 62 come from written documents that speak for themselves, says that HPOPS' LDBF's holdings were liquidated on December 14, 2007 pursuant to a letter of direction from HPOPS to State Street, further says that HPOPS received over $27 million in cash and securities on December 17, 2007 in connection with the liquidation of its investment in LDBF, and otherwise denies the remaining allegations of paragraph numbered 62.

63.    State Street says that on or about October 5, 2007 and October 8, 2007, the parties discussed constraints on HPOPS' ability to redeem in-kind in light of HPOPS' request to selectively redeem certain securities, as well as constraints relating to the size of the Fund and other Fund investors, that at various points HPOPS was orally told that under the circumstances, HPOPS could not redeem in-kind, that on or about October 9, 2007, the parties held a conference call during which they discussed HPOPS' continued interest in redeeming in-kind as well as two potential options that might permit such a redemption, that the October 5, 2007 letter from William Hunt referenced in paragraph numbered 63 is a written document that speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 63.

64.    State Street admits that on or about November 13, 2007, HPOPS sent a letter to State Street which is written and speaks for itself, and that HPOPS was told that State Street would send two letters concerning liquidation of LDBF, further says that two such letters were

subsequently sent to HPOPS, and otherwise denies the remaining allegations of paragraph numbered 64.

65.    State Street says that the letter referenced in paragraph numbered 65 is written and speaks for itself, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 65.

66.    Admitted.

67.    State Street says that the letter referenced in paragraph numbered 67 is written and speaks for itself, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 67.

68.    State Street admits that on or about December 13, 2007, representatives of State Street held a conference call with HPOPS, that liquidation of LDBF was discussed during the conference call, including the liquidation of LDBF since early December 2007, and that HPOPS sent a letter to State Street after the call, which is written and speaks for itself, further says that the liquidation of LDBF proceeded pursuant to the governing Fund documents, and otherwise denies the remaining allegations of paragraph numbered 68.

69.    State Street admits that on or about December 17, 2007, HPOPS received $14,270,970 in cash and securities valued at $13,315,199, but otherwise denies the remaining allegations of paragraph numbered 69.

70.    State Street denies that the listed fees for the quarter ending 12/31/2007 are accurate, admits that the listed fees for the other quarters are accurate, and otherwise denies the remaining allegations of paragraph numbered 70.

71.    State Street hereby incorporates the answers set forth in paragraphs 1-70 above as if fully set forth herein.

72. State Street says that the Amended IMA referenced in paragraph 72 is a written document that speaks for itself, and that the remaining allegations in paragraph numbered 72 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

73. Denied.

74. State Street admits that SSgA managed LDBF, says that the second sentence of paragraph numbered 74 states legal conclusions to which no answer is required, but to the extent an answer is required, denied, and otherwise denies the remaining allegations of paragraph numbered 74.

75. State Street says that the allegations in the first two sentences of paragraph numbered 75 state legal conclusions to which no answer is required, but to the extent an answer is required, denied, and otherwise denies the remaining allegations of paragraph numbered 75.

76. State Street says that the allegations in the first sentence of paragraph numbered 76 state legal conclusions to which no answer is required, but to the extent an answer is required, denied, and otherwise denies the remaining allegations of paragraph numbered 76.

77. State Street says that the allegations in paragraph numbered 77 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

78. Denied.

79. State Street says that the allegations in the fifth sentence of paragraph numbered 79 state legal conclusions to which no answer is required, but to the extent an answer is required, denied, and otherwise denies the remaining allegations of paragraph numbered 79.

80. Denied.

81.    State Street denies the first sentence of paragraph numbered 81, and says that the remaining allegations of paragraph numbered 81 are characterizations of plaintiff's claims and require no response, but to the extent an answer is required, denied.

82.    State Street hereby incorporates the answers set forth in paragraphs 1-81 above as if fully set forth herein.

83.    State Street admits that State Street and HPOPS entered into an Investment Management Agreement, amended on or about June 16, 2006, which is written and speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 83.

84.    Denied.

85.    State Street denies the first sentence of paragraph numbered 85, and says that the remaining allegations of paragraph numbered 85 are characterizations of plaintiff's claims and require no response, but to the extent a response is required, denied.

86.    State Street hereby incorporates the answers set forth in paragraphs 1-85 above as if fully set forth herein.

87.    Denied.

88.    Denied.

89.    State Street admits that Craig DeGiacomo left Stacy Ables a voicemail in or about August 2007, is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Ms. Ables "learned" and when, and otherwise denies the remaining allegations of paragraph numbered 89.

90.    Denied.

91.    Denied.

92.    Denied.

93.    State Street denies the first sentence of paragraph numbered 93, and says that the remaining allegations of paragraph numbered 93 are characterizations of plaintiff's claims that require no response, but to the extent a response is required, denied.

94.    State Street hereby incorporates the answers set forth in paragraphs 1-93 above as if fully set forth herein.

95.    The allegations in paragraph numbered 95 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

96.    Denied.

97.    The allegations in paragraph numbered 97 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

98.    Denied.

99.    Denied.

100.    State Street denies the first sentence of paragraph numbered 100, and says that the remaining allegations of paragraph numbered 100 are characterizations of plaintiff's claims that require no response, but to the extent a response is required, denied.

101.    State Street hereby incorporates the answers set forth in paragraphs 1-100 above as if fully set forth herein.

102.    The allegations in paragraph numbered 102 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

103.    State Street denies the first sentence of paragraph numbered 103, and says that the remaining allegations of paragraph numbered 103 are characterizations of plaintiff's claims that require no response, but to the extent a response is required, denied.

104.    State Street hereby incorporates the answers set forth in paragraphs 1-103 above as if fully set forth herein.

105.    Denied.

106.    The allegations in paragraph numbered 106 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

107.    Denied.

108.    The allegations in paragraph numbered 108 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

109.    The allegations in paragraph numbered 109 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

110.    Denied.

111.    State Street denies the first sentence of paragraph numbered 111, and says that the remaining allegations of paragraph numbered 111 are characterizations of plaintiff's claims that require no response, but to the extent a response is required, denied.

112.    The allegations of paragraph numbered 112 state legal conclusions to which no answer is required.

113.    State Street hereby incorporates the answers set forth in paragraphs 1-112 above as if fully set forth herein.

114.    Denied.

115.    Denied.

116.    State Street denies the first sentence of paragraph numbered 116, and says that the remaining allegations of paragraph numbered 116 are characterizations of plaintiff's claims that require no response, but to the extent a response is required, denied.

117.    Denied.

State Street denies each and every allegation of the Complaint to which it has not specifically admitted or otherwise responded herein above and further denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

## FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's own conduct.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and in pari delicto.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's own negligence.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of proportionate responsibility.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff did not rely upon State Street's alleged misrepresentations.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of causation.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification, waiver, laches, and estoppel.

## TENTH DEFENSE

The tort claims set forth in the Complaint are barred, in whole or in part, by plaintiff's claims sounding in contract.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate damages.

## TWELFTH DEFENSE

Plaintiff's claims are barred insofar as it has named the wrong party – State Street Global Advisors, Inc. – as a defendant in this action.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because a conspiracy cannot exist between a company and one of its unincorporated divisions.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because State Street has complied with all disclosure requirements under all applicable laws.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff is a sophisticated investor, and by the lack of justifiable reliance.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff knew or should have known of any alleged untruths or omissions by defendants.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because defendants did not know, and in the exercise of reasonable care could not have known, of the existence of facts by reason of which liability is alleged to exist.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because State Street has not received any benefit or enrichment as a result of the alleged breaches.

### NINETEENTH DEFENSE

To the extent that plaintiff challenges discretionary decisions made by State Street, the Complaint is barred, in whole or in part, because State Street committed no abuse of discretion, and its challenged conduct and activities were lawful and appropriate as a matter of law.

### TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff is not as a matter of law entitled to the forms of relief it seeks in this action.

State Street reserves the right to assert additional affirmative defenses.

Dated: April 22, 2008                     Respectfully submitted,

                                          BAKER BOTTS LLP

                                          By: /s/  David D. Sterling
                                              David D. Sterling
                                              Attorney-in-Charge
                                              Texas Bar No. 19170000
                                              Southern District No. 07079
                                              Elizabeth Myers
                                              Texas Bar No. 24047767
                                              Southern District No. 611670
                                              One Shell Plaza
                                              910 Louisiana Street
                                              Houston, Texas  77002-4995
                                              David.Sterling@bakerbotts.com
                                              Elizabeth.Myers@bakerbotts.com
                                              Tel:  713-229-1946
                                              Fax:  713-229-7946

                                          *Attorneys for Defendants State Street Bank
                                          and Trust Company and State Street Global
                                          Advisors, Inc.*

*Of Counsel:*
Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
ROPES & GRAY LLP
One International Place
Boston, MA 02110
Harvey.Wolkoff@ropesgray.com
Robert.Skinner@ropesgray.com
Olivia.Choe@ropesgray.com
Tel: 617-951-7000
Fax: 617-951-7050

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 22nd day of April, 2008, a true and correct copy of the foregoing Answer to Plaintiff's Original Complaint has been filed electronically using the Court's Electronic Case Filing System and, therefore, has been served upon all counsel who are Filing Users pursuant to Fed. R. Civ. P. 5(b)(3), Local Rule 5.1, and the Court's Procedures for Electronic Case Filing (No. 9).

/s/  David D. Sterling
David D. Sterling

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON POLICE OFFICERS | § | |
| PENSION SYSTEM, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-333 |
| | § | |
| STATE STREET BANK AND TRUST | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

# Recusal Order

1.     I stand recused in this case.

2.     Deadlines in scheduling orders subsist.  Court settings are vacated.


Signed on April 23, 2008, at Houston, Texas.


_____
Samuel B. Kent
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Houston Police Officers Pension System | § | |
| | § | |
| *versus* | § | Civil Action 4:08−cv−00333 |
| | § | |
| State Street Bank And Trust Company, et al. | § | |

# Notice of Reassignment

This case is reassigned to Judge Lynn N. Hughes.

Entered:  April 25, 2008                                        Michael N. Milby, Clerk

## UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

Houston Police Officers Pension
System                                          §
                                                §
*versus*                                        §              Civil Action 4:08−cv−00333
                                                §
State Street Bank And Trust Company,  §
et al.

# Order Setting Conference

1.    A pre−trial conference will be held on:

May 12, 2008
at 10:30 AM in

Judge Hughes's Chambers
United States Court House
515 Rusk Avenue, Room 11122
Houston, Texas 77002.

2.    To insure full notice, whoever receives this notice must confirm that every
      other party knows of the setting.

3.    Each party must appear by an attorney with (a) full knowledge of the facts
      and (b) authority to bind the client.

4.    The court will decide motions, narrow issues, inquire about expected motions,
      and schedule discovery. Counsel are to consult among themselves about these
      matters well in advance.

5.    Principal documents *must* have been exchanged well before the conference.

Signed and entered April 28, 2008, at Houston, Texas.

Lynn N. Hughes
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON POLICE OFFICERS' PENSION SYSTEM, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. H-08-333 |
| STATE STREET BANK & TRUST COMPANY and STATE STREET GLOBAL ADVISORS, INC., | | |
| Defendants. | | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.    State when the conference of the parties as required by Rule 26(f) was held, and identify the counsel who represented each party.

   *The parties conferred by phone on April 30, 2008.  Robert Burford represented the Plaintiff Houston Police Officers' Pension System ("HPOPS").  David Sterling, Robert Skinner and Olivia Choe represented Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc. (collectively "State Street").*

2.    List the cases related to this one that are pending in any state or federal court with the case number and court.

   a.    *Prudential Retirement Insurance & Annuity Co. v. State Street Bank & Trust Co., No. 07 Civ. 8488 (S.D.N.Y.)*

   b.    *Unisystems, Inc. v. State Street Bank & Trust Co., No. 07 Civ. 9319 (S.D.N.Y.)*

   c.    *Merrimack Mutual Fire Insurance Co. v. State Street Bank & Trust Co., No. 07 Civ. 9687 (S.D.N.Y.)*

   d.    *Nashua Corp. Pension Plan Committee v. State Street Bank & Trust Co., No. 08 Civ. 265 (S.D.N.Y.)*

    e.      *Memorial Hermann Healthcare Sys. v. State Street Bank & Trust Co.*, No. 07 Civ.
          *4089 (S.D. Tex.)*

    f.      *Welborn Baptist Foundation, Inc. v. State Street Global Advisors, Inc.*, No. 08
          *Civ. 00027 (S.D.Ind.)*

3.    <u>Briefly</u> describe what this case is about.

**HPOPS alleges the following:**

*In June of 2006, State Street Global Advisors ("SSgA,") and HPOPS entered into an
Investment Management Agreement ("IMA") pursuant to which SSgA agreed to act as
HPOPS's investment advisor and fiduciary with respect to assets invested by HPOPS in
an investment strategy known as the "Enhanced Dow Jones-AIG Commodities Strategy."
Under the Commodities Strategy, HPOPS put up $72,000,000 as collateral to cover
potential losses on commodities futures swaps. The collateral funds at issue were to be
invested in a secure, well-diversified, slightly enhanced cash account that would allow
for daily liquidity if margin calls were needed.*

*SSgA invested $54MM of the collateral into its Limited Duration Bond Fund. State Street
Bank & Trust served as trustee of the Limited Duration Bond Fund.*

*State Street represented to HPOPS that the Limited Duration Bond Fund would be
invested in accordance with HPOPS' requirements in a high-quality, low-risk, well-
diversified fixed income portfolio. The Limited Duration Bond Fund reportedly had a
conservative rate-of-return objective to match or exceed the JP Morgan one-month US
Dollar LIBOR Index by a mere 50 basis points (basis points where a basis point equals
one-hundredth of one percent, or .01%). The Fund's stated objective was "to maximize
income while **preserving capital** by investing in a **diversified portfolio of highly rated
fixed income securities**," and State Street represented that the Fund would use "an
**expanded universe of securities**" to include "repurchase agreements and United States
Treasuries; debts of agencies of the United States Government; corporate debt; asset-
backed securities, rated investment grade by Moody's and ERISA eligible; commercial
mortgage backed securities, rated investment grade by Moody's and ERISA eligible;
derivative securities; deposits and other debt instruments of US Banks; and bank
commingled funds." State Street failed to disclose that the Limited Duration Bond Fund
itself would be invested almost solely in a single, residential mortgage sector, almost all
of which was subprime, or that the Limited Duration Bond Fund would itself be highly
leveraged and illiquid.*

*Although State Street represented that the Limited Duration Bond Fund invested only
5.3% of its assets in mortgage-related investments, HPOPS learned after the collapse of*

the fund that as much as 94% of the fund was invested in subprime, mortgage-related financial derivatives and was highly leveraged.

State Street's approach produced catastrophic results during the summer of 2007 and the Limited Duration Bond Fund diverged dramatically from its benchmark. Although the Limited Duration Bond Fund was supposed to exceed the JP Morgan one-month US dollar LIBOR index by a mere 50 basis points and should have had a return of approximately 6.7% during the relevant time period, it instead incurred tens of millions in losses. Compounding the harm, State Street failed to disclose accurate information to HPOPS and instead provided untimely, incomplete and misleading information.

Further, on information and belief, State Street engaged in blatant self-dealing by giving preferential treatment to other State Street-related entities, including other State Street-commingled funds that owned most of the Limited Duration Bond Fund, in allowing them to get out of the Limited Duration Bond Fund before HPOPS and redeem their units in-kind for what appears to have been the most saleable of the securities held in the Fund; i.e. the 2004 and 2005 "vintage" year mortgage securities that actually held equity. Instead, HPOPS was left with 88% of the ownership of units in the Fund that consisted of illiquid, odd-lot subprime mortgage securities with little or no equity. State Street's actions, both before and after the investment, caused HPOPS substantial damage.

### State Street asserts the following:

State Street sharply disputes HPOPS's factual assertions and characterizations. Plaintiff expressly authorized in writing the investment of its collateral for the Commodities Strategy in an actively managed portfolio of fixed income securities, the Limited Duration Bond Fund, for the purposes of covering the costs inherent in investing in commodities futures swaps and earning an enhanced return on its investment in the Commodities Strategy. The Fund was prudently managed by State Street. Specifically, consistent with its explicit investment objectives and governing documents, the Fund invested in instruments such as asset-backed securities, mortgage-backed securities, and derivative instruments (e.g., options and swaps). HPOPS, as a sophisticated investor, was at all times aware of the Fund's actively managed strategy and the investment risks attendant to that strategy, and made an informed decision to bear those risks. At no time did State Street represent that the Fund's exposure to the residential housing market was limited to investments in agency-backed mortgage debt obligations. On the contrary, as a sophisticated investor, HPOPS was aware or should have been aware that asset-backed securities include non-agency-backed secured debt, including residential mortgage and home equity debt obligations. Plaintiff's investment losses were the result of unprecedented events in the securities market.

4.    Specify the allegation of federal jurisdiction.

*This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the dispute is between citizens of different states and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.*

5.    Name the parties who disagree and the reasons.

*No disagreement.*

6.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

*No currently anticipated additional parties, although the parties request until July 1, 2008, to add new parties.*

7.    List anticipated interventions.

*None.*

8.    Describe class-action issues.

*None in this case. Three of the related actions asserted against State Street in other jurisdictions are styled as class actions.*

9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

*The parties have agreed to make their Rule 26(a)(1) initial disclosures on or before May 9, 2008.*

10.    Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f).

    *(1)    No changes should be made to the timing, form, or requirement for disclosures under Rule 26(a). The parties contemplate exchange of Rule 26(a) disclosures by May 9, 2008.*

    *(2)    Plaintiff's discovery will be needed on a variety of issues set forth in HPOPS's Complaint, including, but not limited to: (a) identification of and rationale for investments made by the Limited Duration Bond Fund; (b) representations to HPOPS and others regarding the Fund's characteristics and composition; (c)*

#186854 v1 - JOINT DISCOVERY PLAN

*SSGA's investment policies, procedures, analyses, and reports regarding the Limited Duration Bond Fund, and (d) identification of the amount and nature of losses in the fund. Defendants will need discovery on issues such as (a) information provided to HPOPS regarding the Limited Duration Bond Fund, (b) HPOPS's level of sophistication as an investor; and (c) HPOPS's investment decision-making procedures.*

(3)     *The parties do not currently believe there are any issues relating to the disclosure or discovery of electronic data. The parties intend to exchange searchable electronic data in either PDF or TIFF format with OCR and load files so that document breaks can be ascertained.*

(4)     *The parties are currently negotiating a protective order to cover the confidentiality of information produced in connection with this litigation.*

(5)     *At this time, the parties are not seeking changes to discovery rules. However, Defendants are seeking to MDL this case. Accordingly, Plaintiff reserves the right to seek additional discovery at a later date if not allowed to fully discover issues due to constraints imposed by the MDL panel or the transferee court, should the Judicial Panel on Multidistrict Litigation grant Defendants' motion to transfer and consolidate..*

(6)     *The parties will promptly submit a protective order for the Court's consideration and have proposed herein other deadlines for inclusion in a scheduling order.*

B.     When and to whom the plaintiff anticipates it may send interrogatories.

*HPOPS intends to serve interrogatories on each Defendant by July 1, 2008. HPOPS may serve additional interrogatories after Defendants' document production.*

C.     When and to whom the defendant anticipates it may send interrogatories.

*State Street intends to serve interrogatories on HPOPS by July 1, 2008. State Street may serve additional interrogatories after Plaintiff's document production.*

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

*HPOPS anticipates taking a number of depositions, the number and identity of which will be made clear after Defendants' first round of document production, if not sooner. The deponents will include at least the following: Eric Roberts, Craig DeGiacomo, Holly Barclay, Paul Greff, and John Tucker.*

E.     Of whom and by when the defendant anticipates taking oral depositions.

*State Street anticipates taking a number of depositions, the number and identity of which will be made clear after Plaintiff's first round of document production, if not sooner. The deponents will include at least the following: Pat Franey, Stacy Ables, and John Lawson.*

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide the reports.

*HPOPS will be able to designate experts and provide initial expert reports by February 4, 2009.*

*State Street will designate experts and provide initial expert reports by March 5, 2009.*

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

*HPOPS anticipates that it will depose all of Defendants' experts and that HPOPS will be able to complete those depositions within thirty days after receipt of the reports produced by those experts.*

H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

*State Street anticipates that it will depose all of Plaintiff's experts and that State Street will be able to complete those depositions within thirty days after receipt of the reports produced by those experts.*

11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

*The parties are essentially in agreement with the proposed plan.*

12.   Specify the discovery beyond initial disclosures that has been undertaken to date.

*None.*

13.   State the date the planned discovery can reasonably be completed.

*The parties believe factual discovery can be completed by January 4, 2009. Assuming the Court adopts the parties' proposed dates for experts, expert discovery can be completed by April 4, 2009. Both parties agree that trial should be set in late May or June 2009.*

#186854 v1 - JOINT DISCOVERY PLAN

6

14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

*The parties have conducted telephone discussions and agreed that Plaintiff will make a settlement demand and that Defendant will make a good faith counteroffer.*

15.   Describe what each party has done or agreed to do to bring about a prompt resolution.

*See paragraph no. 14.*

16.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

*The Plaintiff and Defendants believe that mediation may be appropriate after the parties have exchanged a meaningful amount of discoverable information.*

17.   Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

*At this time, the parties do not consent to a trial before a magistrate judge.*

18.   State whether a jury demand has been made and if it was made on time.

*Yes.*

19.   Specify the number of hours it will take to present the evidence in this case.

*The parties believe it will take at least 80 hours or approximately three weeks to try this case.*

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

*Motions for admission pro hac vice for Robert A. Skinner and Olivia S. Choe, submitted on February 19, 2008, are currently pending.*

21.   List other motions pending.

*None.*

22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

*This case will involve large amounts of discoverable electronic data, and the parties will need to coordinate their efforts regarding the scope, production and review of that information.*

*As mentioned above, the State Street has moved for MDL consolidation. The MDL panel has set oral argument on that motion for May 29, 2008.*

23.    List the names, bar numbers, addresses, and telephone numbers of *all* counsel.

**Counsel for Plaintiff Houston Police Officers' Pension System**

Lead Counsel:

Robert R. Burford
State Bar No. 03371700
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Telecopier: (713) 750-0903

Of Counsel:

Mark A. Guigliano
State Bar No. 24012702
Caren S. Sweetland
State Bar No. 24001333
Tracy D. Larson
State Bar No. 24055410
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Telecopier: (713) 750-0903

**Counsel for Defendants State Street Bank & Trust Company and State Street Global Advisors, Inc.:**

Lead Counsel:

David D. Sterling
State Bar No. 19170000
Southern District No. 07079
BAKER BOTTS L.L.P.

One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
(713) 229-1946 - phone
(713) 229-7946 - fax

Harvey J. Wolkoff
ROPES & GRAY, L.L.P.
One International Place
Boston, MA 02110
(617) 951-7000 - phone
(617) 951-7050 - fax

Of Counsel:

Robert A. Skinner
Olivia S. Choe
ROPES & GRAY L.L.P.
One International Place
Boston, MA 02110
(617) 951-7560 - phone
(617) 951-7050 - fax

Dated: May 5th, 2008

Respectfully submitted,

/s/ Robert R. Burford

By: _____

Robert R. Burford
State Bar No. 03371700
GIBBS & BRUNS L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
Phone: (713) 650-8805
Fax: (713) 750-0903
ATTORNEY-IN-CHARGE FOR

PLAINTIFF

OF COUNSEL:

Mark A. Guigliano
State Bar No. 24012702
Caren S. Sweetland

#186854 v1 - JOINT DISCOVERY PLAN

9

State Bar No. 24001333
Tracy D. Larson
State Bar No. 24055410
GIBBS & BRUNS L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
Phone: (713) 650-8805
Fax: (713) 750-0903

                                        /s/ David D. Sterling
                               By: _____
                                        David D. Sterling
                                        State Bar No. 19170000
                                        BAKER BOTTS L.L.P.
                                        One Shell Plaza
                                        910 Louisiana Street
                                        Houston, Texas 77002-4995
                                        Phone: (713) 229-1946
                                        Fax: (713) 229-7946
                                        ATTORNEY-IN-CHARGE FOR
                                        DEFENDANTS

OF COUNSEL:

Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
ROPES & GRAY L.L.P.
One International Place
Boston, MA 02110
(617) 951-7560 - phone
(617) 951-7050 - fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above instrument has been served this 5th day of May, 2008, on all counsel of record as set forth below:

**Via Facsimile**
Robert A. Skinner
Olivia S. Choe
Ropes & Gray L.L.P.
One International Place

#186854 v1 - JOINT DISCOVERY PLAN

Boston, MA 02110
617/951-7050 - fax
<u>Counsel for Defendants</u>

**<u>Via Facsimile</u>**
David D. Sterling
Elizabeth Myers
Baker Botts L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002-4995
713/229-7946 - fax
<u>Counsel for Defendants</u>

/s/ Robert R. Burford

_____

Robert R. Burford

#186854 v1 - JOINT DISCOVERY PLAN

11

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

Houston Police Officers
Pension System                   §
                                 §
*versus*                         §          Civil Action  4:08·333
                                 §
State Street Bank,               §
              et al.             §

Conference Memorandum

Counsel:                              Representing:
Karen Sweetland                       P- HPD Pension

Robert Skinner        }               Ds State Street
David Sterling        3                    entities

Date: May 12, 2008                    Reporter: S. Neimer

Started: 10:25 a.m.                   Ended: 10:55 a.m.

At the conference, these rulings were made:

By May 16, 2008, State Street Bank must furnish Houston Police with
1. a description of its monthly holdings for term of investment, 2. a chart of
the relationship between the State Street entities, and 3. a list of the three
largest withdrawals before notice was sent - within 90 days.

☐   Order to be entered.
☐   Trial preparation to be completed by:
☐   A pretrial conference is set for:              _____ on _____, 200__.
☐   A hearing is set for:                          _____ on _____, 200__.
☐   A trial is set for :                           _____ on _____, 200__.
       ☐ Bench    ☐ Jury (Estimated time at 5.5 hours a day _____).

☐   Joint Pretrial Order due:                      _____, 200__.
☑   Internal review deadline                       May 26_____, 2008.

Lynn N. Hughes
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON POLICE OFFICERS' PENSION SYSTEM, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | No. 08 Civ. 0333 |
| STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL ADVISORS, INC., | § § § § | |
| Defendants. | § § | |

## STIPULATED PROTECTIVE ORDER

The parties in the above-captioned matter having moved for entry of a Stipulated

Protective Order pursuant to Fed. R. Civ. P. 26(c), to expedite the exchange of Discovery

Material (as defined below) in the above-captioned matter (the "Litigation"), to facilitate the

prompt resolution of disputes over confidentiality, to protect Discovery Material entitled to be

kept confidential, and to ensure that confidentiality is afforded only to material so entitled, it is

hereby ORDERED:

1.    **Definitions**

(a)    "Discovery Material" means any material produced, filed, served by, or otherwise

obtained from, any Producing Person during discovery or otherwise in the Litigation or any

information included in such material.  Discovery Material may include, but is not limited to,

deposition testimony and transcripts, answers to interrogatories, documents and tangible things

produced by a Producing Person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or

otherwise), and responses to requests for admission.

(b)     "Producing Person" means any entity, including any party or non-party, that produces Discovery Material to any party in connection with this Litigation.

(c)     "Receiving Party" means any party who receives Discovery Material in this Litigation.

(d)     "Confidential Discovery Material" means any Discovery Material that is stamped or labeled "CONFIDENTIAL" in a way that brings its attention to a reasonable examiner and does not interfere with the legibility of the material, or, in the event that such Discovery Material is disclosed in a form not appropriate for such placing or affixing, is designated in writing as Confidential Information at the time it is delivered to the Receiving Party.  Additionally, each hard drive, disk or other physical item containing native files shall be marked to indicate that it contains Confidential Discovery Material.

(e)     "Designating Person" means any Producing Person who designates Discovery Material as Confidential Discovery Material.

(f)     "Objecting Party" means any party that objects to the designation of any Discovery Material as Confidential Information in accordance with the terms of Paragraph 7 herein.

**2.     Non-Disclosure of Confidential Discovery Material**

Except with the prior written consent of the Producing Person originally designating Discovery Material as Confidential Discovery Material, no Confidential Discovery Material may be disclosed to any person or used in any manner except as provided herein.

**3.     Use of Discovery Material**

Without the prior written consent of the Producing Person, Discovery Material produced or furnished in this Litigation by any person shall not be used by the Receiving Party for any

- 2 -

purpose other than the prosecution or defense of the Litigation, including appeals. This

provision shall not apply, however, to any Discovery Material that is or was publicly available,

or obtained by the Receiving Party independently of formal discovery in this Litigation, or that

has been filed in an unsealed court filing.

**4.     Material Entitled to Confidential Designation**

By designating Discovery Material as Confidential Discovery Material within the

meaning of this Stipulated Protective Order, a Designating Person attests and represents that such

Discovery Material (a): is (1) a trade secret, or other confidential research and development, or

commercial information not otherwise available to the public, the disclosure of which is likely to

place the Producing Person at a competitive disadvantage, or (2) confidential, non-public

personal information concerning individuals such as social security numbers, home telephone

numbers and addresses, tax returns, personnel evaluations, and medical, investment, credit and

banking information; and (b) may be subject to a protective order under Fed. R. Civ. P.

26(c)(1)(G).

**5.     Use and Disclosure of Discovery Material Designated Confidential Discovery Material**

(a)     Unless otherwise ordered by a court, administrative agency, or other

governmental or regulatory body of competent jurisdiction, or otherwise provided in this Order,

Discovery Material designated as Confidential Discovery Material may be used only in

connection with the prosecution or defense of the Litigation. Except upon the prior written

consent of the Producing Person or as otherwise expressly provided in this Order, Confidential

Discovery Material may be disclosed only to the following persons:

(1)     Counsel of record, including in-house counsel, counsel for insurers for the

claims involved in this Litigation, and any other counsel for the parties in this Litigation,

- 3 -

members of their firms and associates, associate attorneys, paralegals, legal assistants, clerical, and other regular employees of such counsel who are assisting in the conduct and/or management of this Litigation;

(2)    The Court, its staff, and court officials involved in the Litigation (including court reporters or persons operating video equipment at depositions), any Special Master appointed by the Court and his or her staff, and any mediators and their staff agreed to by the parties in the Litigation;

(3)    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, pursuant to order entered upon notice to the parties;

(4)    Witnesses in preparation for deposition or at deposition, but only in connection with their testimony in the Litigation;

(5)    Named parties and such officers, directors, employees or agents of the named parties as counsel, in good faith, require to provide assistance in the conduct of the Litigation, including parties in legal actions that have been, or in the future are, made part of, and/or consolidated with the Litigation;

(6)    Outside consultants or experts retained for the purpose of assisting counsel in the Litigation, or an attorney or law firm for such outside consultant or expert;

(7)    Third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services;

(8)    Any person reflected as an author, addressee, or recipient of the

Confidential Discovery Material; and

(9)    Graphics or design services retained by counsel for a party for the purpose

of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in

this Litigation.

(b)    Before disclosure of any Discovery Material designated as Confidential

Discovery Material is made to any person described in subsections (3), (4), (5), (6), (8), or (9),

such person shall sign the Confidentiality Undertaking attached hereto as Exhibit A.  In the event

that any person described in subsections (3), (4), (5), (6), (8), or (9) refuses to sign the

Confidentiality Undertaking, counsel seeking to disclose the Confidential Discovery Material

may seek permission from the Producing Person to disclose such material, and the parties shall

use best efforts to adopt appropriate procedures to maintain the confidentiality of such Discovery

Material.

6.    **Confidential Discovery Material in Depositions and Responses to Discovery Requests**

(a)    A party's counsel may show Confidential Discovery Material to any deposition

witness who is the Producing Person or a corporate parent, subsidiary, affiliate, officer, director,

employee, partner, agent, consultant, attorney or expert of the Producing Person, or who is

represented in this Litigation by counsel for the Producing Person.

(b)    Parties and deponents may, within ten (10) business days after receiving a

transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential

Discovery Material to the extent they contain material or information entitled to protection (as

defined in Paragraph 4 above).  Such Confidential Discovery Material within the deposition

transcript may be designated only by marking pages that contain confidential information and

- 5 -

placing on such pages the legend: "CONFIDENTIAL." Until the expiration of the 10-business-day period during which designations may be made, the entire deposition transcript and exhibits will be treated as subject to protection as Confidential Discovery Material under this Order. If a designation is made, the pages and exhibits designated as Confidential Discovery Material, when filed, shall be filed under seal pursuant to Paragraph 10, separate from the pages and exhibits not so marked. If any depositions are videotaped, those portions of the videotape corresponding to pages of the deposition transcript designated as Confidential shall be afforded the same status. Failure to designate any page of a transcript as Confidential in accordance with the terms of this paragraph shall constitute a waiver of any confidentiality of that page.

(c)    If Discovery Material entitled to protection as Confidential Discovery Material (as defined in Paragraph 4 above) is included in written answers to discovery requests of any kind, such answers or responses shall be marked "CONFIDENTIAL."

**7.    Declassification of Confidential Discovery Material**

Nothing in this Stipulated Protective Order shall be taken as indicating that any information is in fact entitled to treatment as Confidential Discovery Material on the grounds that it is marked as such. The parties shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Discovery Material as Confidential Discovery Material under this Stipulated Protective Order, the Objecting Party shall notify the Producing Person in writing. Within five (5) calendar days of the receipt of such notification, counsel for the Producing Person and the Objecting Party shall confer in an effort to resolve any disagreement regarding the Producing Person's designation of the Discovery Material as Confidential Discovery Material. If, for whatever reason, the parties

do not resolve their disagreement within that time period, the Producing Person may apply to the

Court within ten (10) calendar days from the date of receipt of the notification for a ruling on the

Producing Person's designation of the Discovery Material as Confidential Discovery Material.

While any such application is pending, and until such time as there is a final court order

declaring the Discovery Material in question to be Confidential Discovery Material, the

documents or materials subject to that application will be treated as Confidential Discovery

Material. If the Producing Person does not apply to the Court for a ruling on its designation of

Discovery Material as Confidential Discovery Material within ten calendar days from the date of

receipt of the notification (regardless of whether the parties conferred on the subject), the

Discovery Material in question will no longer be deemed Confidential Discovery Material. In

any proceeding to determine the validity of a designation of Discovery Material as Confidential

Discovery Material, the Producing Person shall have the burden of proving by a preponderance

of the evidence that the Discovery Material in question is Confidential Discovery Material as

defined in Paragraph 4 of this Order. Nothing in this Stipulated Protective Order shall be

construed as preventing any party from objecting to the designation of any Discovery Material as

Confidential Discovery Material or preventing any party from seeking protection for any

Discovery Material.

## 8.     Inadvertent Failure to Designate

(a)     A Producing Person may notify the receiving parties that Discovery Material that

should have been designated as Confidential Discovery Material under the terms of this Order

was inadvertently produced without being designated as such. Upon receiving such notice from

the Producing Person, the party receiving such notice shall immediately treat the Discovery

Material as if it had been so designated as Confidential Discovery Material and shall place the

- 7 -

appropriate designation on the document within five (5) business days of receipt of such notice. No party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, the relevant documents or materials shall be treated as Confidential Discovery Material in accordance with this Order; provided, however, that if the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the Producing Person who failed to make the designation shall, if so advised, move for appropriate relief.

(b)    If an inadvertently omitted "CONFIDENTIAL" designation is first claimed during the course of a deposition, hearing, or other court proceeding, the subject Discovery Material may be used throughout that deposition, hearing, or proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

**9.    Privileged Discovery Material**

(a)    If a Producing Person determines that it has inadvertently produced documents or materials that are subject to a claim of privilege or immunity, or otherwise protected from disclosure, the Producing Person shall inform counsel for the Receiving Parties of the inadvertent production in writing, and counsel for the Receiving Parties shall take reasonable steps to ensure that all known copies of any such documents are promptly returned to the Producing Person. Inadvertent production of privileged or otherwise protected Discovery Material will not be deemed to have waived any privilege.

(b)    In the event that only part of the document is claimed to be privileged or protected, the Producing Person shall furnish redacted copies of such document, removing only

- 8 -

the part(s) thereof claimed to be privileged or protected.  Upon receipt of the redacted copy, the Receiving Party, absent a challenge pursuant to paragraph subsections (c) and (d) of this paragraph, shall promptly return all unredacted copies to the Producing Person in accordance with this paragraph.

 (c) If the Receiving Party contests the Producing Person's designation of privilege as to any purportedly inadvertently produced material, the Receiving Party shall retain all copies of the document under dispute segregated from other documents in a file marked "INADVERTENT PRODUCTION – PRIVILEGE DISPUTED."  The Producing Person shall then have ten (10) business days after such challenge in which to file a motion seeking recovery of the privileged document, unless the parties agree to extend that period of time.  Neither the purported inadvertently produced privileged document nor any of its contents shall be used, disclosed or referred to for any purpose until the motion is decided or the time for filing such motion has passed and no motion has been filed, except that (i) the purportedly privileged document may be filed by any party with the Court under seal for in camera review, and (ii) if the contents of the document are relevant to the Court's determination, either party may also refer to the contents in its motion or related brief, provided the motion and brief are also filed under seal and not disclosed to others.  A Producing Person's failure to make a timely motion after being informed of the challenge shall be deemed a waiver of any attorney-client privilege for that particular document, without prejudice to any party's right to argue that the waiver does or does not qualify as a subject matter waiver.

**10.** **Filing of Confidential Discovery Material**

 (a) <u>Filing Under Seal</u>:  Except as otherwise set forth in subsection 10(b), those portions of pleadings, motions, affidavits, briefs, exhibits, and other papers filed with or

submitted to the Court that contain Confidential Discovery Material shall be filed separately

under seal. The portion of the filing made under seal shall be separately filed in an envelope

bearing the name and index number of the action, marked with the title (or a general description)

of its contents and the legend: "FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY

ORDER IN __ Civ. _____." If filed under seal, the filing or submission shall remain under seal

(i) unless otherwise ordered by this Court upon notice to the parties, or (ii) unless the Producing

Person who produced the subject Confidential Discovery Material included or used in the filing

consents in writing to its unsealing, in which case the contents of the filing should be unsealed to

the extent of such consent.

      (b)     <u>Service and Request for Consent Before Filing</u>: To alleviate the need for filing

papers with the Court under seal, a party filing or submitting to the Court portions of pleadings,

motions, affidavits, briefs, exhibits, and other papers that contain Discovery Material designated

Confidential Discovery Material may obtain the consent of the Producing Person prior to filing

with the Court pursuant to the following procedures. A party filing or submitting papers

containing Confidential Discovery Material shall serve, without filing with the Court, all papers

upon the Producing Person on the dates set forth in any scheduling order entered by the Court, or

pursuant to the Federal Rules of Civil Procedure, the Local Rules and Individual Practices of this

Court, with a request that the Producing Person consent to the unsealed filing of the Confidential

Discovery Material. The Producing Person shall have three (3) business days to respond to the

filing party's request for consent. If the Producing Person provides consent, the filing party may

file the papers, including the Confidential Discovery Material, without filing under seal or

otherwise following the procedures set forth in subsection 10(a). If the Producing Party declines

to give consent within three business days, the Parties shall follow the procedures for filing

Confidential information set forth in subsection 10(a). Notwithstanding anything in this paragraph, any party may object at any time to the designation of any Discovery Material as Confidential Discovery Material in accordance with Paragraph 7 of this Order. Failure of the Producing Person to respond to such objection in accordance with Paragraph 7 herein shall constitute a waiver of the Objecting Party's obligation to file such Discovery Materials under seal.

(c)     Except at trial, prior to using any Discovery Material designated as Confidential Discovery Material in open court, counsel shall confer regarding such procedures as are necessary to protect the confidentiality of the subject Discovery Material.

**11.    Confidential Documents and Materials at Trial**

No fewer than thirty (30) days before the date upon which the parties are directed to submit a Joint Pretrial Order in the above-captioned cases, the parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of Confidential Discovery Material at trial. Such proposal shall be submitted to the Court as a part of or contemporaneously with the Joint Pretrial Order. To the extent the parties fail to agree on a proposal addressing the use of Confidential Discovery Material at trial, they may submit alternative proposals to the Court. Neither this Order nor any designation of confidentiality shall affect the admissibility into evidence of the information so designated.

**12.    Further Requests for Production**

If, at any time, any Confidential Discovery Material in the custody, possession, or control of any person other than the Producing Person who originally produced such material is requested by any court or other tribunal, or is subpoenaed by any court, administrative agency, legislative body or other person or entity, the person or party to whom the subpoena or request is

directed shall provide written notice to the Producing Person who originally produced the

Confidential Discovery Material within two (2) business days, and shall provide that Producing

Person three (3) business days thereafter to respond to the subpoena or request, but shall

otherwise comply, as required by law, with the subpoena or request.

**13.    Miscellaneous**

By this Order, no party hereto shall be deemed to have waived its right to assert that any

particular document should or should not be accorded treatment as Confidential Discovery

Material, so long as such rights are asserted in accordance with the terms of this Order.  For

purposes of computing any period of time under this Order, the provisions of Fed. R. Civ. P. 6

shall apply unless otherwise specified.  This Order may be executed in counterparts.

**14.    Termination**

The provisions of this Order shall continue to be binding after final termination of the

Litigation.  Within one hundred and twenty (120) days after final conclusion of all aspects of the

Litigation, including any appeals, any party or person who received Confidential Discovery

Material must, at the option of the Receiving Party, (i) return such documents and materials to

the Producing Person, or (ii) certify in writing to counsel to the Producing Person that the

Receiving Party has destroyed the Confidential Discovery Material other than counsel's copies

of exhibits filed under seal with the Court, counsel's file copies of papers prepared in connection

with this Litigation, e.g., pleadings, court papers and other papers served in the Litigation, and

counsel's file copies of deposition and trial transcripts.

**15.    Consent to Jurisdiction**

Any person or party receiving any Confidential Discovery Material in accordance with

any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of the

Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

**16.    Additional Parties**

The terms of this Order shall be binding upon all current and future parties to the Litigation and their counsel. Within ten (10) days of (i) the entry of an appearance by a new party in this Litigation, or (ii) the transfer of a complaint that arises out of the same or similar facts alleged in the complaints in the Litigation, counsel for State Street shall serve a copy of this Order on such party's counsel.

**17.    Application to Non-Parties**

(a)    All production by non-parties shall be made to all parties simultaneously. No party shall have the opportunity to review any Discovery Materials from any non-party prior to any other party having the opportunity to review such Discovery Materials.

(b)    In connection with any non-party document production in the Litigation, each party shall be afforded a reasonable opportunity to review the documents whose production has been called for.

(c)    Non-parties producing Discovery Material or giving deposition testimony in the Litigation may avail themselves of the Confidential treatment provided for in this Order for their testimony and Discovery Material by following the procedures provided herein.

**18.    Use of this Order**

Neither this Order nor the existence of such nor any designation of Discovery Material as Confidential Discovery Material shall be offered or admitted into evidence at jury trial or argued or disclosed to any jury in the Litigation.

19.    **Scope of Discovery**

Nothing in this Order is intended to constitute an agreement regarding the scope of discovery.

20.    **Use of Own Information**

Nothing herein shall impose any restriction on the use of or disclosure by a party of its own information or from disclosing a document containing Confidential Discovery Material to any natural person who the document clearly identifies as an author, addressee, or carbon copy recipient of such document. Nor shall this Order be construed to prevent any party or its counsel or their retained outside experts and consultants and litigation support vendors from making use as they see fit of information that was lawfully available to the public or lawfully in the possession of the party, counsel or expert independent of any disclosure of Confidential Discovery Material in the Litigation, or Discovery Material not previously designated as Confidential Discovery Material. In the event, however, that a non-party provides Discovery Material that was generated by a party to this Order and that non-party believes that the Discovery Material should be designated as Confidential Discovery Material, the non-party may request that all copies of such Discovery Material be designated "CONFIDENTIAL" in accordance with Paragraph 1(d), provided that the non-party was acting within the scope of his or her employment or agency for the party when he or she obtained such Confidential Discovery Material from the party (or an affiliate or subsidiary thereof) and such designation is consistent with the terms of this Order. If the parties to this Order disagree concerning the proper designation of such Discovery Material, their dispute shall be resolved pursuant to the procedures described in Paragraph 7 of this Order. Pending the Court's ruling, the party

contesting the requested designation shall treat the Discovery Material as if the requested

designation were proper and effective.

STIPULATED AND AGREED TO BY:

**GIBBS & BRUNS LLP**

By: _Caren S. Sweetland_

Robert R. Burford
Mark A. Giugliano
Caren S. Sweetland
1100 Louisiana
Suite 5300
Houston, TX 77002
Tel: 713-650-8805
Fax: 713-750-0903

*Counsel for Plaintiff Houston Police Officers'
Pension System*

**ROPES & GRAY LLP**

By:_____
Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
One International Place
Boston, MA  02110
Tel:  617-951-7000
Fax:  617-951-7050

**BAKER BOTTS LLP**

David D. Sterling
Elizabeth Myers
910 Louisiana
Suite 3621
Houston, TX 77002
Tel:  713-229-1234
Fax:  713-229-1522

*Counsel for Defendants State Street Bank and
Trust Company and State Street Global
Advisors, Inc.*

**SO ORDERED:**

_____

U.S.D.J.
Date: _____

- 16 -

STIPULATED AND AGREED TO BY:

**GIBBS & BRUNS LLP**

By: _____
Robert R. Burford
Mark A. Giugliano
Caren S. Sweetland
1100 Louisiana
Suite 5300
Houston, TX 77002
Tel: 713-650-8805
Fax: 713-750-0903

*Counsel for Plaintiff Houston Police Officers'*
*Pension System*

**ROPES & GRAY LLP**

By: _____
Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
One International Place
Boston, MA  02110
Tel:  617-951-7000
Fax:  617-951-7050

**BAKER BOTTS LLP**
David D. Sterling
Elizabeth Myers
910 Louisiana
Suite 3621
Houston, TX 77002
Tel:  713-229-1234
Fax:  713-229-1522

*Counsel for Defendants State Street Bank and*
*Trust Company and State Street Global*
*Advisors, Inc.*

**SO ORDERED:**

_____
U.S.D.J.
Date: _____

- 16 -

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON POLICE OFFICERS' PENSION SYSTEM, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | No. 08 Civ. 0333 |
| STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL ADVISORS, INC., | § § § § | |
| Defendants. | § § | |

## **ACKNOWLEDGEMENT AND CONSENT**

I hereby certify that: (i) I have read the Stipulated Order Governing Confidential

Discovery Material (the "Order") that has been entered by the Court in the above-captioned

matter, and I understand its terms; (ii) I understand that discovery material designated as

Confidential under the Order is being provided to me pursuant to the terms of the Order; (iii) I

agree to be fully bound by the provisions of the Order, including its provisions restricting

disclosure of material designated as Confidential under the Order and limiting the use of such

material; (iv) I hereby submit to the jurisdiction of the United States District Court for the

Southern District of Texas for purposes of enforcement of the Order; and (v) I understand that

violation of the Order is punishable by contempt of Court and may be subject to such further

relief as the Court may order.

Dated:_____    Signature:_____

                                     Print name:_____

- 17 -

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 30th day of May, 2008, a true and correct copy of the foregoing Stipulated Protective Order has been filed electronically using the Court's Electronic Case Filing System and, therefore, has been served upon all counsel who are Filing Users pursuant to Fed. R. Civ. P. 5(b)(3), Local Rule 5.1, and the Court's Procedures for Electronic Case Filing (No. 9).

/s/  David D. Sterling
David D. Sterling

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Houston Police Officers Pension System, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-08-333 |
| | § | |
| State Street Bank and Trust Company, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Order

By June 9, 2008, the parties must file jointly a status report.

Signed on June ___2___, 2008, at Houston, Texas.

Lynn N. Hughes
United States District Judge

UNITED STATES DISTRICT COURT       SOUTHERN DISTRICT OF TEXAS

Houston Police Officers Pension System,   §
                                          §
                    Plaintiff,            §
                                          §
versus                                    §        Civil Action H-08-333
                                          §
State Street Bank and Trust Company, et al., §
                                          §
                    Defendants.           §

## Order Protecting Confidentiality

1.  *Purpose.* To preserve the legitimate proprietary and privacy interests of sources of information, this order establishes a procedure for disclosing confidential information, protecting it, and challenging it.

2.  *Information.* Information includes the contents of documents, testimony, answers to interrogatories, admissions, and data derived from objects other than documents.

3.  *Condition.* This order covers information that the source designates confidential. Something may be designated confidential only when the source reasonably believes it is proprietary or otherwise implicates an interest in its security.

4.  *Procedure.*

    A.  *Designation.* To designate information as confidential, a source must mark it or identify it on the record. Either designation may be withdrawn.

    B.  *Marking.* The source must mark each page of documents or each significant component of other objects. The deponent will mark deposition transcripts and the claimant will mark hearing transcripts. A mark similar to these will be used:



C.     *Timing.* Documents and other objects must be designated before disclosure. Transcripts must be designated within 30 days of receipt; all transcripts are confidential for 30 days after receipt.

D.     *Application.* This order applies to information in this case (a) furnished by parties and non-parties and (b) derived from confidential information.

E.     *Public.* This order does not apply to information that is public.

F.     *Errors.* Accidental disclosure of information does not waive the confidence; those who knowingly receive an inadvertent disclosure must return the information to the source immediately and make no use of it.

5.     *Who.* Confidential information may be used only by:

A.     Parties,
B.     The court,
C.     Court reporters (including audio and video)
D.     Special masters,
E.     Mediators,
F.     Parties' counsel,
G.     The direct staff of these people, and
H.     Others specifically identified in writing by the source.

6.     *Attorneys Only.*

A.     Access may be further restricted by its being designated for attorneys only. Only the attorneys for the parties and source may use information designated attorneys only.

B.     This designation is limited to confidential information that could cause competitive injury—directly or indirectly.

7.     *Where.* Confidential information must be used only in this case.

8.     *How.*

A.     *Acknowledgment.* People having access to confidential information must sign an acknowledgment of this order in a form similar to appendix A.

B.     *Filings.* N O PLEADING WILL BE SEALED . If confidential information must be filed, file it under seal as an appendix to the instrument that refers to it. File as little of the source document as possible. References in the instrument must be sufficiently abstract not to disclose the information.

2

C.    *Hearings.*

(1)    References to confidential information in pretrial conferences and hearings must be preceded by notice five business days before the court appearance that confidential information will be used.

(2)    A party may refer to confidential information at trial on cross-examination or rebuttal after requesting a bench conference.

(3)    The source must mark the transcripts within 30 days of receipt; if the source is not a party, the party using the information must confer with the source in the marking.

D.    *Depositions.*  Deposition testimony is automatically confidential when confidence is asserted at anytime in the deposition; the source must mark the transcripts within 30 days of receipt.

E.    *Subpoenas.*  If confidential information is subpoenaed, the source must notify the parties in writing that the subpoena covers confidential information. The source is responsible for protecting subpoenaed information's confidentiality under this order and must respond to the subpoena.

9.    *Challenges.*

A.    *Notice and Response.*  If a party reasonably believes that information should not be restricted, it must specify to the source in writing (a) the data and (b) its grounds for questioning the designation.  The source must respond in writing within seven business days.

B.    *Rulings.*  If the party is still not satisfied, it may move the court to lift the designation.  Until the court rules, the designation subsists.  If the court rules that the information should not be restricted, the original designation subsists for five business days.

10.    *Return.*  This order survives the termination of this case.  Within ninety days of termination the parties must (a) return original documents with confidential information and (b) destroy copies of them.

Signed June _____, 2008, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

3

Appendix A.

---

UNITED STATES DISTRICT COURT                SOUTHERN DISTRICT OF TEXAS

---

|                     |   |                    |
|---------------------|---|--------------------|
|                     | § |                    |
|                     | § |                    |
|     Plaintiffs,     | § |                    |
|                     | § |                    |
| *versus*            | § |  CIVIL ACTION H-   |
|                     | § |                    |
|                     | § |                    |
|                     | § |                    |
|     Defendants.     | § |                    |

## Acknowledgment of Order on Confidentiality

Name:        _____

Address:     _____

Telephone:   _____


Role in Lawsuit:

☐ Staff to Counsel        ☐ Consulting Expert        ☐ Testifying Expert

☐ Court Reporter          ☐ Other Witness            ☐ Party Employee

Aligned with:

☐ This party:        _____

☐ This non-party:    _____


I have read and acknowledge that I am bound by the order on confidentiality entered in this

action.


_____          _____

Signature                                Date

P:\Captions\2008\08-333.wpd  June

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON POLICE OFFICERS' PENSION SYSTEM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-08-333 |
| STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL ADVISORS, INC., | § § § § | |
| Defendants. | § § § | |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated June 2, 2008, plaintiff Houston Police Officers' Pension System ("HPOPS") and defendants State Street Bank and Trust Company and State Street Global Advisors, Inc. (together, "State Street") hereby submit the following Joint Status Report:

1.      On May 16, 2008, pursuant to the parties' initial conference before the Court on May 12, 2008, State Street provided to HPOPS the three categories of documents set forth in the Court's Conference Memorandum dated May 12, 2008.     State Street produced month-end portfolio holdings data from August 2005 to March 2008 in the form of appraisal reports generated by State Street's accounting system. State Street is currently working to determine whether it can provide the month-end portfolio holdings data in a more readable format.

2.      On May 29, 2008, the Judicial Panel on Multidistrict Litigation ("the Panel") heard oral argument on State Street's motion to transfer several actions pending against State Street in multiple federal courts, including this action, to the District of Massachusetts pursuant to 28 U.S.C. § 1407. Oral argument was presented by State Street. In addition, counsel for

another plaintiff who has brought suit against State Street – Memorial Hermann Healthcare System ("MHHS") – presented oral argument on behalf of both MHHS and HPOPS. The Panel took State Street's motion under advisement, and the parties expect a decision within a matter of weeks on whether this case will be transferred for pretrial purposes.

3.    The parties have agreed upon a proposed stipulated protective order, which was submitted to the Court on May 30, 2008. The parties have exchanged documents in connection with initial disclosures, and State Street is continuing to produce documents on a rolling basis. To date, State Street has produced more than 3,300,000 pages to HPOPS as part of its initial disclosures. HPOPS intends to ask State Street to identify a much narrower selection of documents as part of specific document requests.

4.    The U.S. Securities and Exchange Commission is conducting a formal investigation of State Street. On June 2, 2008, the U.S. Securities and Exchange Commission issued a document production subpoena to HPOPS in connection with that investigation. HPOPS complied with the proposed stipulated protective order by providing a copy of the subpoena to State Street. HPOPS will produce the subpoenaed documents to the U.S. Securities and Exchange Commission on or before June 16, 2008.

Dated: June 9, 2008

Respectfully submitted,

**GIBBS & BRUNS LLP**

By: /s/ Robert R. Burford
Robert R. Burford
1100 Louisiana, Suite 5300
Houston, TX 77002
Tel: 713-650-8805
Fax: 713-750-0903

*Of Counsel*
Mark A. Giugliano
Caren S. Sweetland

*Counsel for Plaintiff Houston Police Officers' Pension System*

**BAKER BOTTS LLP**

By: /s/ David D. Sterling
David D. Sterling
Attorney-in-Charge
Texas Bar No. 19170000
Southern District No. 07079
Elizabeth Myers
Texas Bar No. 24047767
Southern District No. 611670
910 Louisiana, Suite 3621
Houston, TX 77002
David.Sterling@bakerbotts.com
Elizabeth.Myers@bakerbotts.com
Tel:  713-229-1234
Fax:  713-229-1522

*Counsel for Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc.*

***Of Counsel***
Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
ROPES & GRAY LLP
One International Place
Boston, MA  02110
Tel:  617-951-7000
Fax:  617-951-7050

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 9th day of June, 2008, a true and correct copy of the foregoing Joint Status Report has been filed electronically using the Court's Electronic Case Filing System and, therefore, has been served upon all counsel who are Filing Users pursuant to Fed. R. Civ. P. 5(b)(3), Local Rule 5.1, and the Court's Procedures for Electronic Case Filing (No. 9).

/s/ David D. Sterling
David D. Sterling

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Houston Police Officers Pension System, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-08-333 |
| | § | |
| State Street Bank And Trust Company, et al., | § | |
| | § | |
| Defendants. | § | |

## Order to Stay

This case is stayed pending transfer to MDL No. 1945.


Signed on June 16, 2008, at Houston, Texas.


Lynn N. Hughes
United States District Judge

JUDGE HOLWELL

08 CV 5442

A CERTIFIED TRUE COPY

ATTEST

By Tanisha Spinner on Jun 16, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Jun 16, 2008**

FILED
CLERK'S OFFICE

United States District Court
Southern District of Texas
FILED

JUN 2 0 2008

.......... N. Milby, Clerk

IN RE: STATE STREET BANK AND TRUST CO.
FIXED INCOME FUNDS INVESTMENT
LITIGATION

MDL No. 1945

filed
SDNY
6/16/08

**TRANSFER ORDER**

**Before the entire Panel**: Common defendants State Street Bank and Trust Co. and State Street Global Advisors, Inc. (collectively State Street) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of Massachusetts. Plaintiffs in the Southern District of New York actions do not oppose centralization, but suggest the Southern District of New York as transferee district. Plaintiff in the Southern District of Texas *Houston Police* action does not oppose centralization, but suggests the Southern District of Texas as transferee district or, alternatively, the Southern District of New York. Plaintiffs in the Southern District of Texas *Memorial Hermann* action oppose centralization or, alternatively, suggest centralization in the Southern District of Texas.

This litigation currently consists of six actions listed on Schedule A and pending in two districts, four actions in the Southern District of New York, and two actions in the Southern District of Texas.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of the allegations that State Street inappropriately invested its actively managed fixed income funds in risky subprime assets, resulting in losses to investors. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, the *Memorial Hermann* plaintiffs argue, *inter alia*, that unlike the Southern District of New York actions, which are purported class actions brought under the Employee Retirement Income Security Act (ERISA), the Southern District of Texas actions are individual actions brought under common law. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. These actions revolve around the

---

[1] The Panel has been notified that an additional related action has been filed in the Southern District of Indiana. This action will be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A CERTIFIED COPY
J. MICHAEL McMAHON,
CLERK

BY
DEPUTY CLERK

-2-

same core of factual issues relating to State Street's representations regarding its investment strategy for its bond funds and their investment in high-risk subprime asset-backed securities and related financial instruments. Discovery and other pretrial proceedings will undoubtedly overlap, as each action is at least indirectly tied to the same bond fund, and the same group of State Street employees managed all of the bond funds at issue. Section 1407 centralization will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judiciary.

We are persuaded that the Southern District of New York is an appropriate transferee forum for this litigation. Four of the six constituent actions are pending there, and progress has been made in those actions, already consolidated before Judge Richard J. Holwell.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Richard J. Holwell for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica

IN RE: STATE STREET BANK AND TRUST CO.
FIXED INCOME FUNDS INVESTMENT
LITIGATION                                                    MDL No. 1945


## SCHEDULE A


### Southern District of New York

In re State Street Bank & Trust Co. ERISA Litigation, C.A. No. 1:07-8488
Unisystems, Inc. Employees Profit Sharing Plan, et al. v. State Street Bank & Trust Co., et
    al., C.A. No. 1:07-9319
The Andover Companies Employees Savings & Profit Sharing Plan, et al. v. State Street
    Bank & Trust Co., et al., C.A. No. 1:07-9687
Nashua Corp. Pension Plan Committee, et al. v. State Street Bank & Trust Co., et al., C.A.
    No. 1:08-265


### Southern District of Texas

Memorial Hermann Health Care System, et al. v. State Street Bank & Trust Co., et al., C.A.
    No. 4:07-4089
Houston Police Officers Pension System v. State Street Bank & Trust Co., et al.,
    C.A. No. 4:08-333

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

United States District Court
Southern District of Texas
FILED

JUN 2 0 2008

Michael N. Milby, Clerk

J. Michael McMahon
Clerk
SOUTHERN DISTRICT OF TEXAS

Date:    06/16/2008

In Re: STATE STREET BANK
& TRUST CO. FIXED
INCOME FUNDS

MDL    1945

Your Docket #
4:08-333

S.D. OF N.Y.
08 CV 5442

Dear Sir:

Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge HOLWELL for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By: PHYLLIS ADAMIK
MDL Unit
(212) 805-0646